## Vilas & Bacon vs. Jones & Piercy.

Under the act of May, 1837, to prevent usury, a mere agreement for an usurious premium, where nothing has in fact been received under such agreement either directly or indirectly, is not an indictable offence.

But if any part of the usurious premium contracted for should be subsequently received, the offence which is made indictable by the statute would then be complete, so as to subject the usurer to a criminal prosecution.

A witness cannot be called upon to give testimony showing that he had been guilty of receiving usury, to establish another species of defence to the action, although he is the real plaintiff in the suit ; as the statute only protects the plaintiff when he is called upon to establish the defence of usury.

An agreement with the principal, to extend the time of payment, which will have the effect to discharge his sureties, must be an agreement which the principal can enforce as a binding agreement between him and the creditor ; and must be founded upon a sufficient consideration.

Where the creditor agrees to give time of payment to the principal debtor, in consideration that he will pay a part of the debt, where the whole is payable immediately, or that he will pay interest on the debt when he was by law previously bound to pay interest, or in consideration of a parol promise which is void by the statute of frauds, or in consideration of an executory promise to pay an usurious premium at a future time, such agreement to extend the time is not founded on a sufficient consideration to support it, and will not discharge the sureties. But an agreement with the principal debtor to extend the time of payment, without the consent of the sureties, founded upon an usurious premium for the forbearance, which premium is actually paid to usurer at the time of making the agreement, is a sufficient consideration to support the agreement, and will discharge the surety.

1843.

Vilas
v.
Jones.

January 23.

This was an application by the complainants for leave to amend their bill, by striking out so much thereof as charged that the note upon which the suit at law had been brought against them and Church, the principal debtor, was usurious; and for permission to file a supplemental bill stating the collection of the judgment since the filing of the original bill in this suit, and the discharge of Church under the bankrupt act.

*S. Stevens*, for the complainants.

*J. Edwards*, for the defendants.

The Chancellor. The allegations in the complainants' bill, which are not denied by the defendants in their affidavits read in opposition to this application, are in substance, that in April 1839, Church borrowed of the defendant Jones $200 for six months; for the use of which money, for that time, Jones was to receive at the rate of ten per cent per annum. Church, together with the complainants Vilas and Bacon as his sureties, thereupon gave to Jones their joint and several negotiable note for $210, payable in six months, for the amount of the loan and interest for that time, including the additional three per cent for the usurious premium. At the end of the six months Jones agreed for a forbearance of the loan for six months longer, at the same usurious rate of interest; which was then paid in advance by Church. Several other agreements for extension were made in the same manner, except that in one or two of the last the usurious premium was not paid down, but only agreed to be paid; and a part thereof never was paid. In April 1842 Jones commenced a suit on the note, against Church and his sureties, in the name of the defendant Piercy, as endorsee of the note. Upon the trial of that suit, Jones was called as a witness to establish the defence of usury. But he swore that the suit was brought for his benefit, and the court thereupon decided that he was not bound to give evidence to prove the usury; in accord-

ance with the decision of the supreme court, that the holder of a negotiable security may evade the operation of the 2d section of the act of 1837, to prevent usury, by bringing his suit in the name of a third person. (*Bank of Salina* v. *Henry*, 1 *Hill's Rep.* 555.) And as Church, the only other person except Jones who could prove the usury, was one of the defendants in the suit, that defence necessarily failed. The plaintiffs, however, instead of taking a verdict for the whole amount apparently due upon the note, only claimed to recover $197,34; which was the balance equitably due for the original loan and legal interest, after deducting all sums which had been received by Jones, or agreed to be paid to him on account of such loan, for forbearance of payment, or otherwise. And judgment was entered for that amount and the costs of suit.

At the time of filing the original bill Church had not been discharged under the bankrupt act; and of course could not be a witness to establish a defence which went to discharge himself from liability as well as his sureties, although they released him from liability to them. And as an answer on oath from the defendants in this court was waived by the bill, there appeared to be no foundation for a suit here to litigate the question of usury. The complainants now ask for leave to amend their bill, by abandoning the charge that the original note was void onaccount of the three dollars included therein for the usurious premium, and to put their defence upon a ground which is personal to themselves; to wit, that they were discharged as sureties by the subsequent agreement with the principal debtor to extend the time of payment without their consent.

The counsel for the defendants supposes that this was a defence which the complainants might have availed themselves of in the suit at law; and that Jones might have been used as a witness for that purpose. In this, however, the counsel is clearly wrong; for the statute only protects the plaintiff when he is called as a witness to establish a defence of usury. To have made out the defence for the sureties that time had been given to the principal debtor,

Jones would have been compelled to testify to facts which would have subjected him to a criminal prosecution for usury under the 6th section of the act of 1837. For the three first agreements to extend the time of payment were founded upon the receipt of usurious interest in advance, as the consideration of such extensions. The last agreement, it is true, was founded upon a mere promise to pay usury ; and the statute does not appear to have made a mere agreement to receive usury, where nothing is in fact received either directly or indirectly under such agreement, an offence which is punishable by indictment. But when a portion of the usurious premium for this last agreement was afterwards received, the offence was complete. Jones was then liable to punishment by fine and imprisonment, for the offence ; as he would have been if he had collected the three dollars included in the note for usury, instead of deducting it upon the trial. Proof of the subsequent receipt of the usury stipulated for by this last agreement was also necessary to enable the complainants to establish the defence that they had been discharged in consequence of the extension of the time of payment thus agreed upon. For if the usury had not been paid until the time last agreed upon had expired, the sureties would not have been discharged by reason of that extension of the time.

An agreement with the principal debtor, which is to discharge his sureties on the ground that time of payment has been given to him without their consent, must be such an agreement as the debtor himself has the right to have enforced against the creditor. It must therefore be founded upon a sufficient consideration, and not upon a mere agreement to do what the debtor was legally bound to do before such agreement was made. An agreement to give time, in consideration of payment of a part of the debt, where the debtor is bound to pay the whole immediately, or to pay interest on a debt where the law would give the creditor interest while payment was withheld, or in consideration of a parol promise which is void because it is not in writing, will not therefore discharge the surety ; as such agreements

are void for want of a sufficient consideration to support them. (*Planters' Bank* v. *Sellman*, 1 *Gill & John. Rep.* 230. *McLemore* v. *Powell*, 12 *Wheat.* 554. *Philpot* v. *Briant*, 1 *Moore & Pay. Rep.* 754.) So an agreement to extend the time of payment in consideration of an executory contract to pay an usurious premium, as the consideration of the forbearance, is void for want of consideration; unless the usurious premium is in fact paid before the extended time of credit has expired. For the contract to pay the usurious premium being void, there is no consideration to support the promise to forbear the collection of the debt against the debtor himself. He may in that case be sued immediately for the debt; and the sureties are not discharged. (*Chichester* v. *Mason*, 7 *Leigh's Rep.* 255. *Tudor* v. *Goodloe*, 1 *B. Monroe's Rep.* 322.)

The case is otherwise, however, where the usurious premium for the forbearance of the debt for the stipulated period is paid down; as was done in the case of *Miller* v. *McCan*, (7 *Paige's Rep.* 451.) The statute prohibits the taking of usury, and subjects the party receiving it to indictment and punishment. But there is no law forbidding the borrower, or the debtor, from giving what he pleases for the loan or forbearance of money; and there is no reason why he should be deprived of the benefit of an agreement extending the time of payment of his debt, where the contract is executed on his part by the actual payment of the consideration for such extension, in advance. Since the decision in *Miller* v. *McCan*, the same question has been brought before the court of appeals in Kentucky, and has been decided in the same way. (*Kenningham* v. *Bedford*, 1 *B. Mon. L. & Eq. Rep.* 325.) The sureties in this case, therefore, were in equity discharged from the payment of this note, if the agreements for thee xtensions of payment were made, as alleged in the bill, without the knowledge or consent of the complainants, *or of either of them*. And as this is a defence which they could not have set up and proved in the suit at law, they are not too late in filing their bill to obtain relief here.

The defendant Jones, however, swears positively that he never did assent and agree to delay the collection of the note, except at the urgent solicitation and request of the complainant Vilas first made to him, and who told him he wished the collection of the note delayed, that he might endeavor to get security; and that upon two or three of those delays being granted, he mentioned the wishes of Vilas to Bacon, the other complainant, who uniformly replied, " Oh, very well ! Vilas and I will have to pay it in the end." The bill, although signed by Vilas as well as Bacon, is only sworn to by the latter. It is not therefore inconsistent with the supposition that the affidavit of Jones, that the agreements to delay the payment were made on the solicitations and request of Vilas, is true. For in the petition, which is sworn to by Vilas, what is said in relation to the extension of the times of payment, without the consent of the petitioners, purports to be a mere recital of what is stated in the bill. This part of the petition would therefore be true, even if the facts were as stated in the affidavit of Jones. It would be manifestly unjust to permit the complainants, in this stage of the suit, to change the ground on which the original bill was based, the usurious nature of the transaction ; and by waiving an answer on oath, to compel Jones to prove that the extensions of payment were made upon the solicitation and at the request of one of the complainants, and not as alleged in the bill, without the knowledge or consent of either of the complainants. But if the complainants are willing to strike out the clause of the bill waiving an answer on oath, so as to give the defendants the usual benefits of a sworn answer, so far as their answer may be responsive to the charges in the bill, I shall permit the complainants to amend upon the usual terms, by striking out the charge that the note was void on the ground of usury ; unless the defendants consent that this bill be dismissed without costs, in case the complainants agree not to file a new bill in behalf of themselves jointly or of either of them.

If the defendants serve such a consent on the complain-

ants' solicitor within thirty days, and they do not accept of the terms and give a stipulation accordingly within twenty days thereafter, this application is to be denied with costs. But if no such consent is given, the complainants are to be permitted to amend their bill, in the manner above suggested, at any time within thirty days thereafter, upon payment of the costs of the demurrer and of all subsequent proceedings thereon, including the taxable costs of opposing this application. If the bill is amended, the complainants are to be at liberty to file such a supplemental bill as they may be advised is necessary, setting up matters which have arisen subsequent to the filing of the original bill ; but without prejudice to the right of the defendants to object, either by demurrer to such supplemental bill or otherwise, that the same is improperly or unnecessarily filed.