LA FARGE *vs.* HERTER and DILLENBACK.

*It seems* that surrendering a levy made on the property of one of two judgment debtors, (the other being a mere surety,) and the acceptance of a bond and mortgage from the principal debtor, and executing a receipt in full of the judgment, should be held to be a *satisfaction* of such judgment; especially as against *the surety*.

Where a judgment creditor seeks to maintain a suit on the judgment, after having taken a bond and mortgage from the principal debtor for the amount of the judgment, under the circumstances stated above, he must at least show, as against the surety, that he had made an attempt to collect the bond and mortgage, and been defeated.

It is not enough for such judgment creditor to prove that the bond and mortgage was rendered usurious, by including therein a sum in addition to what was due on the judgment, as a premium for the time given by the bond and mortgage; and that the mortgagor had threatened to set up the usury as a defence.

*It seems* that if the mortgagee in such a case has prosecuted the bond and mortgage and been defeated on the ground of usury reserved in the contract between him and the mortgagor alone, the invalidity of the bond and mortgage, for that cause, will not give him any right to maintain an action against the surety, on the judgment.

It is the victim of usury, only, and not the usurer himself, that can set up, as a defence against a contract, that it is usurious and void.

MOTION for a new trial. The action was debt on a judgment in the supreme court. The defendants pleaded *nil debet*, and gave notice of special matter of defence, viz. that the plaintiff issued an execution on the judgment to Abner Baker, jun. sheriff, in November, 1837, who levied upon the defendant's goods to an amount more than enough to satisfy the execution; that the defendant Herter, who was the person who ought to pay (Dillenback being the surety on the note on which the judgment was recovered) gave his bond, and a mortgage to the plaintiff for $500 on his land containing 141$\frac{6.2}{100}$ acres, dated January 9, 1838, which was given by Herter and received by the plaintiff in full satisfaction of the judgment. The cause came to trial before Gridley, circuit judge, at the Jefferson circuit, in December, 1846. The plaintiff's counsel gave in evidence an exemplification of a judgment in the supreme court

La Farge *v.* Herter.

in favor of the plaintiff, against the defendants, docketed the 23d of October, 1837, for $424,09, in assumpsit, on a note given by the defendants, payable to the order of John Binsse at the Jefferson County Bank, for $380, at ninety days from the date, and endorsed by the payee to the plaintiff, by which judgment it appeared that the damages were $386,65, and the costs $37,44, and that John Clarke was the plaintiff's attorney.    The plaintiff claimed to recover the amount of the judgment and interest, deducting the payments which had been made at different times, amounting to $174,93, and then rested his cause. The defendants' counsel then called and swore Abner Baker, jun. as a witness, and called upon the plaintiff's attorney to produce, and he did produce, and the defendants' counsel gave in evidence an execution, which was admitted by the plaintiff's counsel to have been issued on the judgment in question, tested the 25th of October, 1837, and returnable the 28th of the same month, with a direction endorsed thereon by John Clarke, the attorney who obtained the judgment, to the sheriff to levy $424,09, with interest from October 16, 1837, besides sheriff's fees.    The defendant's counsel next gave in evidence a receipt admitted by the plaintiff's counsel to be in the hand-writing of the plaintiff, and which was in the following words: "Received, 9th January, 1838, of Peter L. Herter, the sum of three hundred and eighty-six dollars sixty-five cents, and interest from the 16th Oct. last, to apply on the execution in my favor.    John La Farge."    The defendant then rested.    The plaintiff's counsel then inquired of the witness Baker if the defendant Herter had informed him how the judgment was settled, and if so, what he had informed him on that subject.    This question, and the evidence to be given, was objected to by the defendants' counsel, for the reason that it might go to contradict the plaintiff's receipt, and was not obligatory on the defendant Dillenback.    The objection was overruled, and the witness testified that Herter told him that he paid it by giving a bond and mortgage on his farm, and Dillenback said such was the arrangement.    On cross-examination he further testified, that Herter paid him his fees and the attorney's costs in the judg-

ment, and witness paid the attorney, Mr. Clarke, the costs; that he thought Dillenback told him before the payment that it was going to be arranged by Herter giving a bond and mortgage on his farm; that in the conversation with Dillenback he told the witness that Herter was going to arrange it by a bond and mortgage on his farm; that it was Herter's debt to pay, and he was security for him (Herter) and he had assisted Herter in making the arrangement to pay it; that after the arrangement witness went to Mr. Clarke, the attorney, and he endorsed the execution satisfied. Witness had levied the execution on Herter's personal property. The defendants' counsel here read in evidence the endorsement on the execution, in the handwriting of John Clarke, the plaintiff's attorney, which was in the following words: "This execution is satisfied. John Clarke, att'y."

The defendants' counsel then offered to prove that the sheriff had levied the execution upon property of the defendant Herter more than sufficient to pay the execution; and that the defendant Dillenback was surety for Herter in the note, on which the judgment was rendered, and that it was Herter's debt to pay. This evidence, as to the character of Dillenback as surety was objected to by plaintiff's counsel, and the objection sustained by the court. The plaintiff's counsel then offered in evidence a bond and mortgage for $500,00, executed by the defendant Herter to the plaintiff La Farge, upon $141\frac{62}{100}$ acres of land in Orleans, dated January 9th, 1838, payable in three years from the 1st day of March then next, with interest at the rate of seven per cent, to which the defendants' counsel objected and the objection was overruled, and the evidence received.

The plaintiff's counsel offered to prove that after the bond and mortgage became due, viz: in the year 1843, the mortgage was put in foreclosure by advertisement by the agent of the plaintiff; that while the advertisement was going on, the defendant Herter applied to George C. Sherman, an attorney and solicitor, to file a bill in chancery in his behalf, against the plaintiff, to restrain him from the foreclosure of the mort-

gage, on the ground of usury therein, and that he made his own affidavit and furnished that of the defendant Dillenback, who was with him, to show the fact that Sherman had prepared or was preparing a bill in chancery for that purpose, but before proceeding further, he conversed with Mr. Clark the plaintiffs' attorney on the subject, and recommended to him to discontinue the foreclosure if he could be satisfied that the fact of usury would be proved. That Mr. Clarke at once conferred with the agent, Mr. Binsse, and recommended to him to see the parties and particularly Dillenback, and satisfy himself as to the proof, and if he was satisfied that the proof would be made, then to discontinue the foreclosure and sue on the judgment. That he did so; that he examined the affidavit, and saw Dillenback and on being satisfied that the proof would be made, he instructed Mr. Clarke, the attorney, to discontinue the foreclosure and sue on the judgment, and that accordingly the foreclosure was discontinued and this suit brought. To this evidence, the defendants' counsel objected, and the circuit judge sustained the objection—but remarked that whatever his own opinion might be, he felt bound under the decision of the supreme court granting a new trial in this cause, (see 3 *Denio,* 157,) to hold that the giving of the bond and mortgage was, under the circumstances, not an extinguishment of the judgment, nor a satisfaction, in such a sense as even to compel the plaintiff to exhaust his remedy against Herter on the bond and mortgage, before resorting to the judgment, and (that being the only ground contended for by the defendants' counsel,) instructed the jury to find for the plaintiff the amount due on the judgment after deducting the payments made on the bond and mortgage, which they did accordingly. To which decisions and ruling the defendants' counsel excepted ; and the jury having found a verdict for the plaintiff, the defendants, upon a case, moved for a new trial.

*J. Clarke,* for the plaintiff. The receipt of the plaintiff was a subject of explanation, and being explained, it shows no payment, but merely the giving of a new security by one of the

La Farge *v.* Herter.

parties. This new security being of no greater, but in fact of less, degree than the judgment, is of itself no payment or extinguishment of the judgment. (1 *Denio*, 407, *and cases cited. Cowen's Tr.* 713. 5 *Hill,* 448. 20 *Wend.* 17. 8 *John.* 54. 11 *Id.* 413. 13 *Id.* 240. *See also this case,* 3 *Denio,* 157.) No dispute about facts arises or can arise. The defendants did not require any thing to be submitted to the jury ; and if they had, the same result would necessarily have followed, for the court would have instructed them that this was no extinguishment of the judgment. (1 *Cowen,* 359.) An usurious security, taken for a pre-existing debt, though taken as, and agreed to be received in, payment and satisfaction, even though the original security be given up and cancelled, does not extinguish the debt. (*Cowen's Tr.* 713. 1 *Chitty,* 77, 97. 5 *Wend.* 595. 8 *Cowen,* 77. *This same case,* 3 *Denio,* 157.) To enable the plaintiff to resort to the original security, it was not necessary for him to have a judicial determination of the fact of usury. He having solemnly asserted it and took the incipient measures to avail himself of it, this was sufficient. (3 *Hill,* 215. 2 *Id.* 522. 3 *U. S. Dig.* 122.) But the law of this case has been settled by the court, in granting a new trial ; whether it be that the new security was no payment without or with reference to the allegation of usury. (24 *Wend.* 230. 1 *Hill,* 118, 119. 12 *Wend.* 41, 404. 1 *Hill,* 336. 2 *John.* 46. 23 *Wend.* 79. 21 *Id.* 354. 3 *John.* 528. 10 *Id.* 447. 2 *Wend.* 550. *Brayt.* 168.)

*C. P. Kirkland,* for the defendants. The giving the bond and mortgage was, under the circumstances, an extinguishment of the judgment. At all events, no proceedings could be had on the judgment until the plaintiff had exhausted his remedies on the bond and mortgage. The case shows a clear and perfect defence as to Dillenback, the surety, in addition to the grounds above stated. (1.) A levy on the personal property of Herter the principal. (2.) The giving three years time to the principal. (6 *Dowl.* 233. 8 *Serg. & Rawle,* 452. 13 *Id.* 157. 1 *Penn. Rep.* 240. 10 *Paige,* 11. 7 *Hill,* 250.) And the

La Farge *v.* Herter.

testimony as to Dillenback being surety was improperly re-
jected.  The ruling of the judge was wrong; and a new trial
should be granted.

*By the Court,* GRIDLEY, J.  When this cause was last tried,
it was supposed by the circuit judge, that the supreme court in
granting a new trial, (*see* 3 *Denio,* 155,) had held that neither
the levy on Herter's property, nor the taking of Herter's bond
and mortgage, professedly in payment of the judgment, consti-
tuted in law a satisfaction of the judgment, either absolute or
conditional.  This supposition was founded on the fact that
the case disclosed evidence of such levy, and of such bond and
mortgage given for the amount of damages due the plaintiff in
the judgment, the payment of the costs to the plaintiff's attor-
ney, and a full discharge endorsed on the execution.  Now if
this evidence was sufficient to prove a satisfaction of the judg-
ment either absolute or *prima facie,* and conditional only ; that
is, until a resort to the bond and mortgage had been had, and
had proved ineffectual; it is difficult to see why a new trial
was granted.  But in an interview with the learned judge who
delivered the opinion granting the new trial, he assured one of
the members of this court, that the question of a satisfaction,
either absolute or *sub modo,* was not passed upon by the court.

We are not under the necessity of controverting the decision
of the late supreme court in regard to the rights of Dillenback,
as surety of Herter, notwitstanding the principle asserted in the
opinion, in its application to a case like this, has been much
shaken, if not substantially overruled, by the decision in *Bangs*
v. *Strong,* (10 *Paige,* 11 ; *S. C.* 7 *Hill,* 250.)  While we
yield to that decision, to this extent, however, we are no longer
embarrassed by the views which we had supposed must have
been adopted by the court in relation to the satisfaction of the
judgment.

There must, therefore, be a new trial, for the error of the cir-
cuit judge in following what he mistakenly regarded as the
ruling of the supreme court.  If the facts proved on the trial
showed either a conclusive or merely a *prima facie* bar to the

---

La Farge *v.* Herter.

---

judgment; and whether upon the evidence it was the duty of the judge to decide the question as one of law, or to submit it to the jury as one of fact ; in either case the judge erred, and there should be a new trial.   Looking to the facts disclosed in the case, we have no doubt that the evidence tended strongly to prove an unconditional satisfaction of the judgment.

I.   Though we are to regard the rights of Dillenback as a surety, so far affected by the recovering of the judgment, as to prevent the giving of time to the principal from operating as a discharge of his liability on the judgment; yet the fact that though both were liable, the judgment was still a debt, that as between Dillenback and Herter, the latter was bound to pay, should not be overlooked, when we are considering whether the judgment was satisfied by the surrender of the levy on Herter's property, and the taking of the bond and mortgage by the plaintiff.   In *Frisbie* v. *Larned,* (21 *Wend.* 450,) it was held that the acceptance of the note of a third person, from one of the members of a firm, endorsed by him, together with the payment of the balance of the account against the firm, in cash, was an *accord* and *satisfaction* of the demand against the firm, *in the absence of any agreement that such note was received merely as collateral security.*   In the same case it was held that a judgment confessed by *one* of the members of a firm was a satisfaction of the copartnership debt.   By the principle of this authority, fortified by the opinions of President Gardiner and Senator Lott, in *Waydell* v. *Luer,* (3 *Denio,* 410,) the case at bar is distinguished from that of *Cole* v. *Sacket,* reported in 1 *Hill,* 516, if that were now held to be law.   For the mortgage creating a specific lien on real estate ample to secure the debt, in addition to the promise of Herter, evidenced by his bond, forms a sufficient consideration for the agreement to accept such bond and mortgage in satisfaction of the judgment.   What then is the evidence of such an agreement in this case?   It consists of the surrender of a levy, which had been made on Herter's personal property, sufficient to satisfy the judgment, and the taking of a bond and mortgage on Herter's farm for the amount, and a receipt signed by La Farge as of so much

money received on the judgment—the payment in cash of the attorney's and sheriff's costs by Herter, and a receipt on the execution in these words: " *This execution is satisfied. Jno. Clarke, att'y.*" All this, with the fact that the debt belonged to Herter to pay, as between him and Dillenback, of which fact La Farge was aware when he took this bond and mortgage, and the actual receipt at different times of part payments on the mortgage, would seem to be strong evidence for a jury to find an agreement that the new securities should be taken in satisfaction of the judgment, especially against Dillenback.

II. But suppose we are wrong in this view of the subject, there can be no doubt that before the plaintiff could resort to the judgment against Dillenback, he should have made an unsuccessful effort to collect the bond and mortgage; or at least should have brought them into court and cancelled them. This was always necessary, when a creditor sought to recover on an original debt for which his debtor had given his own promissory note. (1 *John. Rep.* 34. 8 *Id.* 149, 202. 10 *Id.* 104, 306. *Chitty on Bills*, 198.) In this case there was no evidence before the court to show that the money due was not collectable on the bond and mortgage.

III. It is true there was an offer to show that the bond and mortgage were void for usury, and that Herter had declared his intention to resist the payment of them on that ground. But, though the question does not arise on this motion, it may on a future trial, and we would therefore express an opinion that it does not lie in the mouth of La Farge, to set up his own illegal conduct, and to allege that his own bond and mortgage are void for usury; and elect to treat them as void for that reason. It is the victim of the usury, and not the usurer himself, that can set up against a contract that it is usurious and void. The *general rule* is, that neither party to an illegal contract as a plaintiff or actor, is allowed to prove his own guilty participation in the illegal act which renders it void. And the case of the borrower, on an usurious contract, is an exception to this rule. (*See Cowen & Hill's Notes*, 1447, *note* 962, *and also note* 967, *p.* 1445.) It is true there are cases where a party is

remitted to an original debt, for which he has received a security that has been prosecuted and pronounced void by the judgment of the court. This, however, is not such a case. There has been no trial, and *non constat*, that Herter will plead usury to his bond and mortgage; or if he does, that he will be able to establish it on trial. And most assuredly Dillenback has done nothing to estop him from insisting that La Farge should exhaust his remedy upon those securities. Whether a judgment pronouncing these securities void for usury, will enable La Farge to resort to Dillenback on the judgment, we are not now called on to give an opinion, but we are clear that nothing short of that will enable him to do so.

There must be a new trial.

SAME TERM.   *Before the same Justices.*