LA FARGE *against* HERTER and DILLENBECK.

The usurer is not allowed to show that an obligation, which he has taken in satisfaction of a prior demand, is usurious and therefore void, in order to avoid the effect of such obligation as a satisfaction of the prior demand.
The relation and rights of a surety are protected by law as well after as before judgment. *Per* RUGGLES, Ch. J.

ACTION of debt on a judgment against Herter as principal and Dillenbeck as surety, commenced in the supreme court in October, 1843. Two new trials had been already granted (3 *Denio*, 157; 4 *Barb.*, 346), and the third trial was had in October, 1849, at the Jefferson circuit, before Mr. Justice PRATT and a jury. The defence was a satisfaction of the judgment after execution and levy, by a bond and mortgage given by Herter to the plaintiff, which was shown by the receipt of the plaintiff for the amount of the judgment, and by an acknowledgment of satisfaction endorsed by the plaintiff's attorney upon the execution. The plaintiff then offered to prove that the mortgage was

usurious, and that on his commencing proceedings to fore-close it by advertisement, the defendants took steps by a bill in equity to set aside the mortgage for usury; that the plaintiff then discontinued the proceedings for foreclosure and brought this action. This evidence was excluded by the judge, subject to the plaintiff's exception, and a verdict directed for the defendants. Other material facts are stated in the opinions.

A motion for a new trial upon the exceptions was denied at general term (11 *Barb.*, 159), and the plaintiff appealed to this court.

*John Clarke* for the appellant.

*Charles D. Wright* for the respondents.

RUGGLES, Ch. J. The evidence is too clear to admit of a doubt that Herter's bond and mortgage were given by him and taken by La Farge in satisfaction and discharge of the judgment in favor of La Farge against Herter and Dillenbeck. The execution had been levied on Herter's goods to an amount sufficient to satisfy the debt. The levy was given up and abandoned by La Farge on receiving the bond and mortgage, and La Farge gave Herter, who was the principal debtor, a receipt for the amount due him on the judgment, which by the terms of the receipt was to be applied on the execution. Herter paid the costs to the plaintiff's attorney and the sheriff's fees to the under sheriff. The plaintiff's attorney endorsed on the execution his certificate that it was satisfied, and promised the under sheriff that he would file it. On completion of the arrangement La Farge said to Dillenbeck, "you are out now," the meaning of which was that he was discharged from the debt. This all took place in January, 1838. Three payments were made by Herter on the bond and mortgage afterwards, two in 1840 and one in 1841. La Farge

afterwards commenced proceedings to foreclose the mortgage.

No express agreement between the parties that the bond and mortgage were to be given, taken, accepted and received in lieu and satisfaction of the judgment could make the case any stronger than it is. The receipt is explainable for the purpose of showing that the judgment was not paid in money; but it is conclusive to show that the bond and mortgage were accepted as money. *Prima facie* the bond and mortgage were valid securities; and until they are shown to be bad (to say the least), the judgment must be regarded as satisfied and discharged, and no action can be maintained upon it.

In reply to the defence thus made out, can the plaintiff be permitted to show the bond and mortgage to be usurious and void for the purpose of reviving the validity of the judgment?

A party to an illegal transaction is not allowed by an allegation of his own turpitude to recover back what in pursuance of a forbidden bargain he has delivered to the other party, or in any way to avoid the bargain when once executed. (*Cow. & Hill's Notes to Phillips' Ev.*, 1446, *and cases there cited.*) The agreement for the satisfaction of the judgment was executed. The taking of usury is a misdemeanor by statute, and the agreement to take it is in the eye and in the language of the law corrupt. The parties, however, do not stand *in pari delicto*. It is oppression on one side and submission on the other. The borrower therefore may set up usury for the purpose of avoiding a contract tainted with it, but the lender cannot. In respect to this question usury must stand on the same footing as fraud. A fraudulent contract cannot be avoided by the party guilty of the fraud. A party to a fraud is estopped from setting it up for his own advantage, but if his opponent alleges and proves it as a part of his own case, the guilty party will then be entitled to the benefit while

he incurs the disadvantage resulting from such a state of things. (*Broom's Legal Maxims*, 322.)

This precise question was decided in South Carolina in *Miller* v. *Kerr*, (*Bayley's R.*, 4). It was an action of debt on bond. The defence was that the defendant had conveyed certain lands to the plaintiff in satisfaction of the bond debt. The plaintiff's answer to the defence was that the lands were conveyed in pursuance of a corrupt and usurious agreement, by which the lands were to be reconveyed to the defendant on payment by him of the bond debt with fourteen instead of seven per cent interest thereon within two years. That the conveyance of the lands being made on an usurious contract was void, and the bond, therefore, unsatisfied.

JOHNSON, J., in delivering the opinion of the court, said : " It is a clear and long established rule of law that no one can take advantage of his own wrong. He who violates a law comes with a bad grace to ask to be restored to rights which he has surrendered by his illegal act ; and for this reason he who pays money on an illegal consideration cannot maintain an action to recover it back. And what is the case here ? The defendant was indebted to the plaintiff by bond. The plaintiff accepted lands in payment, and he now asks to be released from this last contract and to be restored to his rights on the bond, upon the ground that knowingly and wilfully and in violation of the statute against usury, he had annulled the debt due on the bond. According to the rule he cannot be permitted to do so." This case appears to have been decided upon a sound principle, and it cannot be distinguished from that now under consideration. All the proof, therefore, offered by the plaintiff to show the bond and mortgage void for usury, was rightfully excluded by the judge at the circuit.

This disposes of the whole case, and it becomes unnecessary to examine the question whether the defendant Dillenbeck was discharged from the debt on the ground that he

stood after judgment as well as before in the relation of a surety for Herter. On that point, however, I am ready to declare my concurrence in the result of the opinion delivered in the supreme court by Mr. Justice HARRIS in *Hubbell* v. *Carpenter* (5 *Barb.*, 520; *affirmed*, 1 *Seld.*, 171), as applicable to this case. The judgment below ought to be affirmed.

MASON, JOHNSON, WILLARD and MORSE, Js., concurred in the foregoing opinion.

GARDINER, J., dissented. There was evidence tending to prove the assent of Dillenbeck, the surety, to the arrangement by which the bond and mortgage of Herter, the principal, was received in discharge of the judgment obtained against the defendants. The evidence given and that offered would prove that Dillenbeck aided Herter in bringing the suit to avoid the mortgage on the ground of usury. The surety went to the office of the attorney and made an affidavit, upon the strength of which a bill was about to be filed to avoid the substituted securities. Under these circumstances the plaintiff had a right to show that he was, by the act of the defendants, compelled to resort to the judgment or lose his debt. That it was the defendants, by combination, who sought to avoid the bond and mortgage of Herter and compelled him to abandon his foreclosure.

The case does not require a decision upon the question whether the usurer can insist upon a violation of the statute to defeat the contract to which he is a party. The question is, whether, when the borrower takes legal proceedings to avoid the agreement, the usurer is compelled to wait the judgment of a court and pay a bill of costs, before he is authorized to believe that the other party is in earnest. I think the judgment should be reversed.

TAGGART, J., concurred in the above.

DENIO, J., having been counsel in the case, took no part in the decision.

Judgment affirmed.