Dunham *v.* Countryman.

---

———— • • • ————

## JOHN E. DUNHAM *vs.* DANIEL W. COUNTRYMAN, impleaded, &c.

When there is an agreement between the holder of a note and the makers, without the consent of a surety, to extend the time of payment, the law does not stop to inquire whether the result of the extension is injurious to the surety, but absolutaly discharges him.

A note for $312, executed by P. C. and S. C. and by D. C. as surety, being overdue and unpaid, P. C. & S. C. on the 16th of December, 1872, made an agreement in writing, with the holder, by which they agreed to pay, within sixty days, $170 to apply on said note; the balance to be paid January 1, 1874. The holder, on his part, agreed to all the stipulations of this agreement. *Held* that the effect of this agreement was to extend the time for payment of the note; and that, such agreement being executed without the knowledge or consent, or subsequent assent, of D. C., the surety, he was thereby discharged from liability upon the note.

The agreement recited a seal, and opposite to each signature a seal was attached. *Held* that the seal imported a consideration, and was conclusive evidence thereof.

The statute (2 *R. S.* 423, § 77, *Edm. ed.*) does not apply and change this rule of the common law, where the action is not upon a sealed instrument, but upon an ordinary promissory note not sealed.

THE plaintiff brought this action upon a promissory note, set out in the complaint, which, by its terms, was overdue at the commencement of the action, and was executed by the defendants Peter and Silas Countryman, and by the defendant Daniel Countryman as surety.

On the 16th day of December, 1872, the plaintiff, then being the holder of the note, made an agreement with two of the makers, in the following words, viz : "Articles of agreement made and entered into this 16th day of Dec. 1872, by and between Peter Countryman and Silas

Countryman, of Lee, Oneida county and state of New York, of the first part, and John E. Dunham of Rome, Oneida county and state of New York, of the second part, witnesseth: The parties of the first part agree to pay *within sixty days* from the date of this *contract*, one hundred and seventy dollars, to apply on a note signed by me jointly with Peter and Daniel Countryman and becoming due April 10, 1865, amount of said note $312. The *balance to be* paid on January 1st, 1874. *The party of the second part agrees to all the stipulations* in the foregoing *contract;* it is further agreed that this contract shall apply to and *bind* the heirs and executors, administrators and assigns of the respective parties. In testimony whereof we have hereunto set our hands and *seals* the day and year first above written.

(Signed)    PETER COUNTRYMAN [L. S.]

SILAS COUNTRYMAN  [L. S.]

JOHN E. DUNHAM." [L. S.]

The note was given to the plaintiff for a piece of land sold to Peter Countryman, and his sons became his sureties upon the note. At the close of the evidence, a jury was waived, and the questions reserved for consideration.

*Brownell & Sayles*, for the plaintiff.

*J. T. Spriggs* and *E. L. Stevens*, for the defendant Daniel Countryman.

HARDIN, J. The proofs taken upon the trial bring home to the plaintiff notice that the defendant Daniel Countryman was surety upon the note, and as such surety, became one of the makers thereof; and the plaintiff having such notice, the defendant Daniel is entitled to have the well settled principles of law in respect to sureties applied, in determining his rights and lia-

bility as surety.  (*Fell on Surety*, 228.   *Griffith* v. *Reed*, 21 *Wend.* 503.)

Two questions arise in respect to the agreement or contract of December 16, 1872, made between the plaintiff and Peter and Silas Countryman.

There is no proof to indicate that the defendant Daniel ever knew of that agreement, until long after its execution ; and no evidence is given to show that he ever assented to its provisions.

*First.*  The plaintiff insists that the agreement does not, in terms, extend the time of payment of the note.

Full effect, by the proper rules of construction, must be given to all the parts of the agreement.  At the outset it is called an "agreement," and in the body, it is called "a *contract.*"   Peter and Silas agree to pay $170 "within sixty days from the date of this *contract,*" to apply on the note ; and then it is further agreed on their part, as to the time of payment of the note, in these words, to wit, "*the balance to be paid on January* 1st, 1874.*"   Bearing in mind that the note was then overdue, and that the whole "contract" relates to the time of payment, the words gain clear and additional significance.  Their agreement to pay is based upon a full knowledge that the note was then overdue, and that *the time* of payment was being fixed by the "articles of agreement."   In this connection it is evident that the words "*the balance to be paid* January 1, 1874," are used to limit and fix the final payment.   Then follow the very pointed words in behalf of the holder of the note, words used by him, evidently, to indicate his assent to the "time of payment" as fixed and settled upon by the additional provisions of the contract.

Why insert "the party of the second part *agrees* to *all* the stipulations in the foregoing contract"—unless for the purpose of obliging the holder to abide by, and observe, on his part, that part of the agreement changing "the time of payment" of the note then overdue.   Sup-

pose that the note had been payable, by its terms, in Rome, and the parties had, by similar language, stipulated that $170 should be paid in Utica, and the "balance to be paid" in Syracuse; could there be any doubt the makers would be bound to pay in the places named, and the holder bound to receive payment in the places thus fixed and settled upon? That would have been an agreement, as to place of payment, clear and certain, binding upon both parties.

This one relates to *time*, and manifestly was intended to fix anew the times of payment; and unless held obligatory upon the holder of the note, the words "the party of the second part agrees to all the stipulations in the foregoing contract" must be disregarded, and held nugatory. The object of their insertion manifestly was to obligate the holder to assent to, *to agree* to the times of payment of the note theretofore stated in the "contract" or "agreement."

The fair intent and meaning of the parties to the agreement must govern. (6 *Duer*, 294. *Place* v. *McIlvain*, 38 *N. Y.* 96. *Smith* v. *Townsend*, 25 *id.* 479.)

There being an agreement to extend found upon the face of the paper, the law does not stop to inquire whether the result of the extension was injurious to the surety, but absolutely discharges him. (*Huffman* v. *Hulbert*, 13 *Wend.* 377. *Blydenburgh* v. *Bingham*, 38 *N. Y.* 371.)

*Secondly.* It is insisted by the learned counsel of the plaintiff that the agreement is without consideration.

It recites a seal, and opposite to each signature a seal is attached. The seal imports a consideration, and is conclusive evidence thereof.

Section 77 of the Revised Statutes (2 *R. S.* 423, *Edm. ed.*) does not apply and change this rule of the common law. That section declares: "In every action upon a sealed instrument, and where a set-off is founded upon any sealed instrument, the *seal thereof* shall only be

*presumptive evidence* of a sufficient consideration, which may be *rebutted* in the same manner and to the same effect as if such instrument were not sealed."

This action is not founded upon a sealed instrument: it is founded upon an ordinary promissory note, not sealed. There is no set-off, here, founded upon a sealed instrument. Full effect must be given to the seal; and it is conclusive evidence of a consideration. (*Calkins* v. *Long*, 22 *Barb.* 97. *Gilleland* v. *Failing*, 5 *Denio*, 308. *Wilson* v. *The Baptist Education Society*, 10 *Barb.* 308. *Parmelee* v. *Thompson*, 45 *N. Y.* 58.)

Judgment is ordered for the defendant Daniel Countryman, with costs.

[ONEIDA CIRCUIT AND SPECIAL TERM, June 9, 1873.  *Hardin*, Justice.]