JOHN TAYLOR *et al.* *against* JAMES S. JACKSON *et al.*
(*Two cases.*)

In an action against the makers of a promissory note, the defense was interposed
that the note was a mere accommodation note, and that when the plaintiffs dis-
counted it for the payee they exacted a usurious rate of interest, and that the note
was therefore void: *Held*, that under this answer the defendants could not show
that the note was void on account of their having taken usury from the payee
on an exchange of the note in suit for one made by him to their order.

The defense of usury is available only to the borrower or his legal representatives;
and where notes are exchanged in such a way that the maker of one of the notes
receives usury, he cannot set this up as a defense to an action on the note made
by him.

APPEALS from judgments of the general term of the Marine
Court affirming judgments of that court entered on the verdict
of a jury by order of the court.

These were two actions which, by stipulation, were tried
together, and the two appeals were heard together.

The facts are fully stated in the opinion.

*James Clark*, for appellants.

*Francis Byrne*, for respondents in first case.

*W. T. Butler*, for respondents in second case.

ROBINSON, J.—The appellants were sued as makers of the
promissory notes in suit, payable to the order of one Albert C.
Bloss, which he transferred to one N. W. Bloss, who transferred
them to the plaintiffs for full value paid him. They answered,
setting up the defense of usury, alleging that the defendants
were mere accommodation makers for the benefit of Bloss, and
that the notes were transferred by him to plaintiffs on a usuri-
ous consideration. This defense was not established by the
proofs. In the purchase of the notes the consideration paid
was part cash and the balance a credit given on a claim against
Bloss. The precise date of the agreement does not appear; but

while interest for the whole period the notes had to run (except the days of grace) was deducted, it was not proven affirmatively, nor does it appear, that this transaction did not occur within the three days, and far less that there was any corrupt agreement for usury, or anything but a mistake in the calculations made to the prejudice of Bloss in stating the discount. While the usury alleged in the answer was unproved, defendants seek further to maintain as a defense that the agreement on which these notes were made and issued was usurious. On making these notes they received the notes of Albert C. Bloss in exchange, exacting in the notes which they received from Bloss an additional sum of twenty-five dollars on each note, and requiring them to be payable at shorter periods than their own. No such usury as that transaction might indicate was set up in the answer; and the allegation that the notes in suit were accommodation notes was wholly disproved, as the defendants fully conceded that they had received the notes of A. C. Bloss in exchange. It is, however, contended that, as the testimony showed the notes they received for those in suit were void as between them and A. C. Bloss, and not enforceable against the latter for the usury they exacted, that circumstance rendered these notes equally void in the hands of the plaintiffs, the purchasers. No such defense is set up in the answer. The allegation predicated upon their being mere accommodation makers was wholly disproved. The right to assert the defense now first presented on this argument was wholly personal to A. C. Bloss, the person aggrieved. It has been well established in this State that no party can take advantage of his own wrong, nor can one guilty of exacting usury set up his own turpitude as a defense to such obligation as he thereupon entered into or incurred (*Lafarge* v. *Herter*, 4 Barb. 346; s. c. 9 N. Y. 241; *Billington* v. *Wagoner*, 33 N. Y. 31; *Williams* v. *Tilt*, 36 . N. Y. 319). The defense of usury is personal to the borrower, who complains of the injury, or those standing as his legal representatives (*Williams* v. *Tilt*, *supra*; *Ohio & Miss. R. R. Co.* v. *Kasson*, 37 N. Y. 224). Upon these considerations, the defense last attempted to be sustained upon the fact incidentally elicited on the trial, that on the exchange of notes first referred

to the defendants exacted such usury as might afford a defense to the notes they received, and now first urged, without having been presented to the consideration of the court on the trial, or by any pleading, so as to afford the plaintiffs opportunity to. meet it, is plainly one in its very nature unavailable in law or equity, and the decision of the judge upon the trial was unexceptionally correct. The judgment appealed from should be affirmed.

LARREMORE, J., concurred.

Judgment affirmed.