FROUDE v. BISHOP et al.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

1. NOTES—EXTENSION—SURETIES—DISCHARGE.
    The extension of a note, for a valuable consideration, though after its maturity, without knowledge or consent of the sureties thereon, discharges them from liability.

2. SAME—USURIOUS AGREEMENT TO EXTEND.
    An executed agreement to extend a note, made without the knowledge or consent of sureties, and in consideration of an usurious premium, discharges the sureties.

3. SAME.
    Where, in an action against sureties on a note, the sureties, as a defense, proved an agreement for its extension, without their knowledge or consent, the fact that a usurious consideration for the extension was disclosed by defendants' proof will not avoid their defense.

Appeal from trial term.

Action by James Froude against Don C. Bishop, as administrator, etc., of Harriet A. Bishop, deceased, and Joseph G. White. From a judgment entered upon a verdict for plaintiff, and also from an order

denying a motion for a new trial upon the minutes of the court, defendants appeal.    Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Irving G. Hubbs, for appellants.
S. C. Huntington, Jr., for respondent.

GREEN, J.    This action was brought to recover the amount of a joint and several promissory note, and two of the defendants set up the defense that they signed as sureties, and that the plaintiff had, for a valuable consideration, agreed with the principal maker to extend the time of payment, and had, in pursuance of such agreement, actually extended it.    Evidence was given on behalf of the defendants to the effect that such an agreement was made after the maturity of the note.    The court instructed the jury, at the request of plaintiff's counsel, that, unless they found that there was an agreement for extension of time made before the note became due, there was no valid extension made, and that any extension made after the note became due would not affect the liabilities of the sureties. To this instruction the defendants 'excepted.    The instruction was erroneous.    If the agreement for extension is not made until after the debt is due, it will have the same effect to discharge the surety as if made before.    2 Brandt, Sur. § 359; 2 Daniel, Neg. Inst. § 1312 et seq.; Hubbly v. Brown, 16 Johns. 70; Huffman v. Hulbert, 13 Wend. 375; Dunham v. Countryman, 66 Barb. 268; Billington v. Wagoner, 33 N. Y. 31; Stowell v. Goodenow, 31 Me. 538; Veazie v. Carr, 3 Allen, 14.    The effect of the charge of the court was to take from the consideration of the jury all the evidence of agreements for extension made after the note became due, and to limit the jury to the sole question whether or not the sureties had been released by an extension made before the maturity, in respect of which there was very little evidence in the case.

· But the plaintiff seeks to uphold the verdict upon the ground that, conceding the truth of all the evidence produced on behalf of the defendants, to the effect that the time had been extended after maturity of the note and a valuable consideration paid, yet, as it appeared that the agreement was founded upon a usurious consideration, it was void, and therefore the sureties were not, and could not claim to be, discharged on account of the extension.    In other words, that there was no evidence given that warranted the court to submit to the jury, or the jury to find, a valid agreement for an extension, made either before or after the maturity of the note.    The plaintiff, therefore, falls back upon his motion for the direction of a verdict, which was made upon the ground that, even if the evidence given on the part of the defendants was true, there was no such valid extension for the payment of the note as would operate to discharge the sureties.    If the plaintiff's contention is sound, the verdict should stand, but, if otherwise, the verdict should be set aside for error in the charge of the court.    The principle is well settled that where a creditor, by a valid and binding agreement between himself

and the principal debtor, without the consent of the surety, extends the time of payment, and thus ties up the hands of the creditor, the surety is thereby discharged. The theory upon which the sureties are discharged is a suspension of their remedy over,—their right to demand that the creditor should sue the principal. Lowman v. Yates, 37 N. Y. 605. It is also an established principle that a usurer cannot take advantage of his own usury to avoid a contract he has entered into. The borrower may set up usury for the purpose of avoiding a contract tainted with it, but the lender cannot. If, therefore, the creditor agrees to extend the time of payment for a usurious consideration paid, without the consent of the surety, he is precluded, during the extended time, from maintaining an action against the principal, for he will not be permitted to take advantage of his own violation of the statute in avoidance of his agreement. This proposition was expressly adjudged in Billington v. Wagoner, 33 N. Y. 31, and the decision there made has never been questioned in any subsequent decision of the court of last resort, nor do we find any express adjudication inconsistent with it. That case was cited in Williams v. Tilt, 36 N. Y. 326; Bank v. Joslyn, 37 N. Y. 355; Lowman v. Yates, Id. 604; Merchants' Exch. Nat. Bank v. Commercial Warehouse Co., 49 N. Y. 643, note; Pomeroy v. Tanner, 70 N. Y. 547. The contract is not absolutely void, but only voidable, at the election of the borrower, or those who are privies in interest or in contract with him; hence no other party can make the objection. 36 N. Y. 325. It is settled that a party receiving extension paper, though it be usurious, cannot avail himself of that fact to enforce the original indebtedness until after the instrument matures, or until it be repudiated as usurious by its makers or indorsers. Per Davis, P. J., in Fleischmann v. Stern, 24 Hun, 268, citing 33 N. Y. 31; and see Hansee v. Phinney, 20 Hun, 153.

An agreement with the principal debtor, which is to discharge his sureties on the ground that time of payment has been given to him without their consent, must be such an agreement as the debtor himself has the right to have enforced against the creditor. Vilas v. Jones, 10 Paige, 79. And, since the principal debtor has the legal right to hold the creditor to his agreement, it must follow, as a necessary corollary, that the sureties are discharged. "The statute prohibits the taking of usury, and subjects the party receiving it to indictment and punishment. But there is no law forbidding the borrower, or the debtor, from giving what he pleases for the loan or forbearance of money; and there is no reason why he should be deprived of the benefit of an agreement extending the time of payment of his debt, where the contract is executed on his part by the actual payment of the consideration for such extension, in advance. The sureties in this case, therefore, were in equity discharged from the payment of this note, if the agreements for the extensions of payment were made, as alleged in the bill, without the knowledge or consent of the complainants." 10 Paige, 80.

It also follows, as a necessary inference or deduction from the propositions stated, that where the agreement for the extension becomes completely executed or consummated by the acceptance of the

usurious consideration on the one hand, and the expiration of the time on the other, the creditor will not be permitted to allege the invalidity of the agreement for the purpose of reinstating himself to any right he had lost by it, as respects the surety. In other terms the proposition may be expressed: That an agreement to extend the time of payment, made in consideration of a usurious premium which has been completely executed by payment of the premium and by forbearance accordingly, discharges the surety. Draper v. Trescott, 29 Barb. 401; Bank v. Place, 15 Hun, 564; Thayer v. King, 31 Hun, 438; and see Fernan v. Doubleday, 3 Lans. 216; La Farge v. Herter, 9 N. Y. 241; and dissenting opinion by Davis, J., in 33 N. Y. 40.

But the plaintiff insists that it is not he, but the sureties, who show the usurious agreement, and that, therefore, he is entitled to avail himself of the objection; or, in other words, when the evidence produced on behalf of the defendants discloses the usurious consideration, their defense must fail. If that were so, then it would be difficult for the sureties to establish their defense that the time had been extended for a valuable consideration paid, for the usury would necessarily or ordinarily be disclosed by the evidence adduced, if it exists at all. In Draper v. Trescott, supra, it was adjudged that the plaintiff cannot avail himself of the usury, as rendering the agreement invalid, when the agreement and the usurious consideration are proved by the surety, for the purpose of establishing a defense that he is discharged from his liability. In the Billington Case the usurious consideration must, necessarily, have been disclosed by the defendants' proof. The opinion of the court in Denick v. Hubbard, 27 Hun, 350, is inconsistent with the decision in the Billington Case, and other cases above referred to, and must be declared overruled. Not one of these authorities was called to the attention of the court in the Denick Case. The court cited Trust Co. v. Keech, 69 N. Y. 248, Church v. Maloy, 70 N. Y. 63, and Vilas v. Jones, 1 N. Y. 274. The first two cases are distinguishable, and are not authorities for the proposition stated. In the latter case the point was not decided, and the dicta has been disapproved. It follows, therefore, that the respondent's contention cannot be maintained, and the verdict must be set aside, and a new trial granted, upon the ground of the erroneous instructions of the court.

The judgment and order appealed from are reversed, and a new trial granted, with costs to the appellants to abide the event. All concur, except HARDIN, P. J., and WARD, J., who concur in the result on the first ground stated in the opinion.