Hon. ASA O. ALDIS,
Hon. JOHN PIERPOINT, } ASSISTANT JUDGES.
Hon. JAMES BARRETT,

---

SALLY AUSTIN *v.* ELI CHITTENDEN.

*Principal and Agent. Evidence. Usury.*

The declarations or acts of an agent in the execution of his agency are admissible in evidence against his principal; but his subsequent declarations as to what he said or did, while acting as agent, are not admissible.

Laws against usury are for the protection of the borrower; and he alone can take advantage of them.

Therefore where the plaintiff had taken in satisfaction of the note in suit another note with different makers, but which was executed and payable in New York, and was void under the laws of that State on account of the reservation of usury therein; *Held*, that the plaintiff could not set up such usury and consequent invalidity of the new note in defence to the defendant's claim of the satisfaction of the note in suit.

Assumpsit against the defendant as endorser of a promissory note signed by Bradley & Canfield. The defendant pleaded payment and also an extension of the time of payment by a binding agreement between the plaintiff and the makers of the note, without the defendant's knowledge.

The cause was tried by the jury at the March Term, 1860, —Kellogg, J., presiding.

The defendant's testimony tended to prove that after the maturity of the note in question, the plaintiff, by her son and agent, Gustavus A. Austin, accepted from the makers of the note in discharge of it and two other notes against them held by her, a note signed by John Bradley and endorsed by Harry Bradley, dated and payable in New York City, and embracing interest computed at twelve per cent. per annum.

The defendants also introduced in evidence certain verbal and written declarations of Gustavus A. Austin, made after the receipt of the new note, to the effect that the plaintiff was holding the note in suit and the two other old notes, as collateral security for the new note endorsed by Harry Bradley.

It appeared that Gustavus A. Austin had been the general business agent of the plaintiff for many years, and had, in that character, had the exclusive care and management of her notes, and that all of the plaintiff's business in relation to her notes was transacted by him as her agent, and that the plaintiff never saw any of her notes, but left the care and management of her notes wholly in his hands.

The plaintiff objected to the admission of these declarations of Gustavus A. Austin, but the court overruled the objection, and admitted them, to which the plaintiff excepted.

The testimony introduced by the plaintiff tended to show that the note endorsed by Harry Bradley was not received by her or her agent, in satisfaction of the note in suit, and that neither she

nor her agent ever held the note in suit as collateral security for that note.

The plaintiff also offered in evidence the statute of the State of New York against usury, by which it is provided that the reservation of more than seven per cent. interest in any contract shall render the same void.

To the admission of this statute in evidence, the defendant objected, and the court rejected it, to which the plaintiff excepted.

*Hard & French,* for the plaintiff.

*Geo. F. Edmunds,* for the defendant.

POLAND, Ch. J. There is very great harmony in the books, and cases, as to the general principle governing the admissibility of the acts and declarations of our agent, as evidence against his principal. Whatever an agent says or does in the execution of his agency, is admissible ; but his subsequent admissions, as to what he had so said or done are not.

The single inquiry, then, as to the admissibility of the declarations of G. A. Austin made to Mitchell, and the written statement of the notes furnished to Canfield, is this : was he then acting as the plaintiff's agent ; and were these statements made in the execution of his agency ? G. A. Austin's agency for his mother, the plaintiff, seems to have been of the most general and extensive character ; he had the sole and exclusive charge, and conduct of her business ; so much so that she never saw any of her notes which he took on her behalf. At the time these statements were made by him he held in his hands for his mother, the two thousand dollar note signed by Mitchell, the clerk and agent of Bradley and Canfield, and endorsed by the defendant, and also several other notes against Bradley & Canfield. He also had in his possession a note signed by John Bradley and endorsed by Harry Bradley, for the amount of the said two thousand dollar note, signed by Mitchell, and also two other notes. The defendant claims that he had accepted and received that note in payment of and for said three notes, and was so holding it at the time of making these statements. The plaintiff claims that though

he had the note endorsed by Harry Bradley in his possession, he had not taken it in payment for, nor was he in any sense holding it as a security for the debts evidenced by the three notes already mentioned. While thus having all the notes in his hands, Mitchell, having an interest in the matter, not only as the clerk and agent of Bradley & Canfield, but also as the signer of one of the notes, calls upon him to know about the notes, and Austin states to him how he is holding the notes. It seems clear that this was so made in the course and exercise of his agency for the plaintiff as to be equally as admissible as if made by herself. The statement of the notes given in writing to Canfield, upon his application for a full statement of his demand, was clearly a direct business transaction between them, in reference to the notes themselves, made for the plaintiff and as her agent. We do not see how any statement made by an agent, could be stronger evidence against his principal.

The remaining question in the case is the effect produced by the usurious interest included in the note, which the jury have found the plaintiff received, either in payment and satisfaction of said three notes, or that in consideration of the giving such note, she agreed to forbear the collection of them until such note should become due. The note being executed in New York by a resident there, and also made payable there, it is not denied, but that it is governed by the laws of that State. The statute of that state declares that all notes, etc., in which more than seven per cent. interest is reserved, shall be void.

The plaintiff claims that the note being void for usury, whether it was taken in payment of the other notes, or as the consideration for forbearance, furnishes no legal and sufficient consideration for either, and therefore that her claim to recover upon the original notes is unaffected thereby. It is to be borne in mind that this reservation of the unlawful and usurious interest in the note, was made by the plaintiff's own agent, and in fulfillment of an arrangement with him by which this was required. It is held generally, and so far as we know, universally, wherever laws exist against taking usurious interest, whether they declare the contract void in whole or only to the extent of the usury, or whether a penalty is given for the taking ; that such laws are

for the protection of the borrower only, and he alone can take advantage of the law; that the fault or wrong of the illegal transaction is wholly that of the usurious and exacting creditor, and that he is estopped from ever setting up the illegality of the transaction, where it might operate in his favor.   The plaintiff claims that the same principle should be applied as in cases where counterfeit bills or a forged note, or the note of an infant or married woman, has been received in payment of an existing debt, in all which cases it has been held that the original obligation was not discharged thereby.   But all these cases proceed upon the basis that the plaintiff has been guilty of no fault, or if there be any fault or wrong, it is equally that of both parties.   But in the case of a usurious note received in payment or satisfaction of a debt, the law regards it in a wholly different light.   The parties are not regarded as standing in *pari delicto*, each equally guilty of a violation of the law.   The taker is regarded as the wrong doer, and the debtor as the injured party, and therefore the law will allow the debtor to avoid the contract, but estops the creditor from taking any advantage of his own greed and extortion.   The recent case of *Lafarge* v. *Hunter et al.*, 5 Seld. 241, is directly in point, and is almost exactly parallel with the present case; and being a decision of the highest court in New York upon the effect of the very statute the plaintiff relies on, is entitled to special consideration as an authority for this case.

The case of *Austin* v. *Dorwin*, 21 Vt. 38, goes also on the same principle.

All the cases cited by the plaintiff are of the classes before shown to stand upon wholly different grounds from the case of a note void for usury, which the plaintiff has purposely and understandingly taken in payment.

We find no error in the proceedings of the trial below, and the judgment is affirmed.