JOHN BURGESS v. REUBEN DEWEY AND POLLY LOVEGROVE.

*Principal and surety.    Usury.*

A simple executory agreement on the part of the principal upon a note to pay usury to the holder, is not a sufficient consideration for an agreement by the holder with the principal to extend the time of payment, and will not discharge the surety.

The payment by the principal of such usury, in accordance with the agreement, at the expiration of the time for which the extension was promised, will not discharge the surety.

ASSUMPSIT upon a promissory note.

Plea the general issue with notice of special matter in defence, and trial by jury at the September Term, 1860,—ALDIS, J., presiding.

The material facts in the case, as well as that portion of the charge of the county court to which the plaintiff excepted, are sufficiently stated in the opinion of the court.

*White & Sowles* and *M. Buck*, for the plaintiff.

*Hubbell & Dewey*, for the defendants.

PIERPOINT, J.   It is conceded that this suit is brought for the sole benefit of Davis, the original payee of the note, and is to be governed by the same legal principles that would have been applicable if the suit had been brought in his name.   It appears from the case that the note now in suit was executed by the defendants in part payment of a note executed by the defendant, Dewey, to Davis, jointly with, and as sureties for Dewey & Green, and the most important question in the case arises upon the charge of the court as to the agreement which the defendants' evidence tended to show was entered into between Davis and Dewey & Green, to extend the time of payment of the first note beyond the time of payment named therein, without the knowledge and consent of the defendant, Dewey, the surety thereon.   The evidence tended to show that it was agreed between Davis and Dewey & Green that they should give to

Burgess *v.* Dewey et al.

him two pairs of boots over and above the legal interest, and that Davis, in consideration thereof, should extend the time of payment of the note one year beyond the original time, and that Davis thereupon allowed the note to run the additional year, and that Dewey & Green, at the expiration of that time, or soon afterwards, paid him the boots. That such agreement, if made, was usurious is not questioned. What would be its legal effect upon the rights and liabilities of the defendants as the sureties of Dewey & Green, it being made without their consent or knowledge?

If this agreement was of such a character that Davis was bound by it, and its legal effect was to extend the time of payment, so that Davis could not, at any time after the note fell due, enforce its collection, the defendants would thereby be discharged from all liability upon it. This principle is too well settled to require argument, or reference to authorities to support it.

It is equally well settled in this State that the payment of usurious interest is a sufficient consideration to support an agreement to delay the payment of the debt. The authorities cited by the defendants are conclusive upon this point. But in this case there was no payment in fact made until the expiration of the time limited by the agreement, so that it cannot be said there was any delay, or agreement to delay, based upon the consideration of anything paid. It was a simple, naked, executory, usurious agreement, entered into in violation of the statute, and void upon every principle, one which both parties are at liberty to disregard, and one which the law will not take cognizance of, or enforce against either, but will leave all parties standing in the same position that they occupied before such agreement was made. While the decisions in the neighboring States are conflicting as to the effect of an agreement made in consideration of usury actually paid, they all agree that a simple executory agreement to pay usury is not a sufficient consideration to support a promise to delay the payment of the debt, and that such an agreement between the payee and the principal will not discharge the surety. This position, we think, is clearly correct. There is an obvious distinction between a contract of this character, that is executed between the parties by the payment of the usuri-

ous consideration by the one, and the receipt thereof by the
other, and one that is entirely executory. When the considera-
tion has been paid, the law will not aid the party who has
received and holds it, to take advantage of his own wrong in
order to escape from its consequences, by enforcing the payment
of a debt which he has thus agreed to postpone. It is upon this
principle that the decisions in this State establishing this doctrine
are based, and it was upon this ground that the case of *Austin* v.
*Chittenden*,* recently decided in Chittenden county, was put. In
that case the agreement was entirely performed on the part of the
principal debtor, and accepted by the creditor, and the court there
held that it was not competent for the creditor to set up the
usurious nature of the contract to avoid the defence of an exten-
sion of the time of payment or of payment in fact, when set up
by the surety. Having received the full benefits of the contract
as between himself and the principal debtor, he cannot thus shield
himself from its result, as between himself and the surety.

Such being the law applicable to the case as made in the court
below, the inquiry arises, was the charge of the court such as
the case required ? The court told the jury that " if there was
an agreement between Davis and Dewey & Green for the
extension of the time of payment of the note for another year by
their paying," etc., *and the payment was made,* and in *consideration
thereof* Davis agreed to extend the time of payment for another
year, such consideration would be sufficient and the agreement
binding. This, as a legal proposition, is unquestionably correct
according to the decisions in this State, but we think it is not all
that the case called for. The jury should also have been told
that if the usurious consideration was not actually paid until the
expiration of the time to which the payment of the note by
the principal was agreed to be extended. so that the contract was
purely executory, then such *agreement* to pay usury was not a
sufficient consideration to sustain the promise to delay the pay-
ment, and that the contract would not be binding upon the par-
ties and would not discharge the sureties. The omission of the
court to charge the jury in this respect we think was error, and
therefore the judgment must be reversed.

* Ante p. 553.