## COUNTY OF LAMOILLE,

##### AT THE

#### AUGUST TERM, 1863.

---

PRESENT:

HON. JOHN PIERPOINT,
HON. JAMES BARRETT,
HON. LOYAL C. KELLOGG,   } *Assistant Judges.*
HON. ASAHEL PECK,

---

LEVI S. SMITH AND MARTHA A. F. SMITH *v.* CAROLINE N. HYDE, and *Trustees* WM. F. HOYT AND WM. M. WOODBURY.

*Principal and Surety.   Usury.   Trustee Process.   Mortgage.*

A promissory note given for the amount of usury agreed to be paid for an extension of the time of payment of an existing debt, is but an executory agreement, and does not constitute a valid consideration for the agreement to extend, so as to operate a discharge of a surety on such debt.

Neither will payment of the note after the term of extension has expired, discharge the surety.

The grantees of real estate incumbered by a mortgage given to secure a note, do not become personally liable to the holder of the note, and cannot be holden as trustees of the mortgagor.

ASSUMPSIT on a promisory note. Plea, the general issue, with notice of special matter in defence. Trial by jury at the December Term, 1862, ALDIS, J., presiding.

The defendant signed the note as surety, and this was known to the plaintiffs. The note was dated July 22d, 1859, payable for the sum of $500. in one year to M. A. Frisbee, who married Levi S. Smith before the note became due.

The defendants evidence showed that when the note was due, the principals on it paid the interest and agreed with the plaintiffs for an extension of time for one year, and to pay four *per. cent.* extra interest for such extension, and executed a note for $20, the amount of the extra interest for one year, payable at the end of the year. After the year expired and the $20. note became due, the plaintiffs had goods out of the store of Dutton & Hyde, who were the principals upon the note in suit, to the value of $2.20 and it was agreed between Dutton & Hyde and the plaintiffs that said goods should apply on the $20. note. This was all that was ever paid on the $20. note.

The court charged the jury, (1.) That the taking of the $20. note, as extra interest the second year would not of itself be a sufficient consideration for the agreement to extend the time of payment of the $500. note, so as to discharge the surety. (2.) That the payment by Dutton & Hyde of the $2.20 in goods out of their store to apply on the $20. note, being after the time of extension had expired, would not have effect back to make the agreement from the beginning good and legal so as to discharge the surety. (3.) That the mere promise or agreement of the principals that they would pay four *per* cent. extra interest for the use of the $500. from July 22, 1860, to July 22, 1861, though wholly unknown to the surety, would not discharge the surety,—to which charge the defendants excepted. Verdict for the plaintiffs— exceptions by defendant. The case not being ended as to the trustees was retained in the county court until the May Term, 1863, PECK, J., presiding, when the case was heard upon the disclosure of the trustees. It appeared from the disclosure that the trustees had purchased a piece of real estate of one Joseph H. Dewing and wife, upon which was " a mortgage given by Thomas M. Stanley to Joseph Waterman and assigned to the administrator of R. B. Hyde's estate, on which is now due four hundred and twenty-two dollars, which said amount of mortgage

the grantees are to pay and cancel as a part of the purchase money." Said mortgage was given as security for a note and at the time of the execution of the deed of said real estate, this note was the property of the defendant, Caroline N. Hyde, and had never been paid by the alleged trustees to any one.

The court held that the trustees were not chargeable,—to which the plaintiffs excepted.

*W. Brigham* and *G. L. Waterman*, for the defendants.

The payment of interest in advance upon a debt or note, forms a legal and sufficient consideration to support a promise to extend the time of payment; and such a promise, when made by the creditor to the principal, will discharge the surety.  *Marshall* v. *Aiken et al.*, 25 Vt. 328 ; *Dunham et al.* v. *Downer et al.*, 31 Vt. 249 ; *The Peoples' Bank* v. *Pearsons & Burnabee et al.*, 30 Vt. 711 ; 5 N. H. 99 ; 10 N. H. 162 ; 11 N. H. 335.

In this case there was something more than a mere simple, naked executory agreement to pay usurious interests.  A note was given by the principals which was accepted by the creditor, and he is estopped now from disputing its validity.  *Austin* v. *Chittenden*, 33 Vt. 553 ; *Austin* v. *Dorwin*, 21 Vt. 38 ; *Lafarge* v. *Hunter et al.*, 5 Seld. 241.

It is well settled that the payment of usurious interest upon a note, is a sufficient consideration for a promise for forbearance ; and such promise, so made, will discharge the surety.  *Austin* v. *Dorwin*, 21 Vt. 38, and the cases there cited.  We insist that the acceptance of this note by the creditor, from the principals was equivalent to such payment, and the surety was thereby discharged. *Hutchins, et al.* v. *Olcutt*, 4 Vt. 549 ; *Farr* v. *Stevens*, 26 Vt. 303 ; *Collamer* v. *Langdon et al.*, 29 Vt. 32.  *A fortiori* if the note be negotiable.  *Thacher* v. *Dinsmore*, 5 Mass. 299 ; *Maneely* v. *M'Gee*, 6 Mass. 145 ; *Chapman* v. *Durant*, 10 Mass. 48 ; *Johnson* v. *Johnson*, 11 Mass. 362 ; *Whitcomb* v. *Williams*, 4 Pick. 229 ; Chitty on Bills 172.

The payment of the $2.20 in goods, which by the understanding of the parties was to be applied on the note, though made after the time of extension had expired, had relation back, and

discharged the surety.  A trustee action can be maintained only
for such a debt as the principal debtor could himself enforce by an
action at law.  *Hoyt* v. *Swift et al.*, 13 Vt. 129 ;  G. S., ch. 34 §
2 ;  *Brigden* v. *Gill et al.*, 16 Mass. 522.

*Powers* and *Gleed*, for the plaintiffs, cited 18 Vt. 587, and 27
Vt. 54, upon the question of the liability of the trustees.

BARRETT, J.  As to the exception taken by the defendant to
the charge of the court :  it seems to us, that the case falls
within the decision in *Burgess* v. *Dewey et al.*, 33 Vt. 618, in
which it was held, that a mere executory agreement to pay usury
does not constitute a valid consideratien for an agreement to
extend the time of payment of an existing debt, so as to operate
a discharge of a surety on such debt ;  and that a payment made
in pursuance of such agreement to pay usury, after the term of
extension had expired, would not operate to make valid such
agreement, as a consideration for the agreement to extend the
time of payment.  The only difference between that case and
this is, that in this the agreement to pay usury was evidenced by
a promissory note for the amount thereof.  We think such a note
can be regarded only as an executory agreement.  It did not, of
itself constitute any payment, because it was not given for, or in
discharge of, any existing claim or debt.  The cases, in which it
is held that the giving of a note operates a payment, are when
the note is given for some value of property, or in place of some
existing indebtedness.  And it is just in this respect that this
case differs from that of *Austin* v. *Chittenden*, 33 Vt. 553, in
which Austin held a valid note against Bradley & Canfield, on
which the defendant was liable as endorser.  She received
another note from the principals, signed by John Bradley, and
endorsed by Harry Bradley, to cover the amount of said note
and two others which she held against said Bradley & Can-
field ;  and, in consideration that they would give her said new
note, she agreed to receive it in payment of said three notes
with the right to hold said three notes as collateral security
for the new note, and agreed to await the maturing of said
new note.  It is clear that the giving of such new note was

an execution of the consideration upon which the agreement for delay was based. Such consideration was not a mere executory agreement by the principals to do something, but an agreement executed on their part by doing the very thing they agreed to do —viz., the giving to Mrs. Austin the new note of other parties than those holden on the original note. In the language of Ch. J. POLAND, "It is to be borne in mind that this reservation of the unlawful and usurious interest in the note, was made by the plaintiff's own agent, and in fulfillment of an arrangement with him by which this was required." The plaintiff in that case, having obtained just what she contracted for, knowing its legal quality, and that being something done by the principals beyond giving their mere executory promise to pay usury, she, for the reasons assigned in the opinion, could not be permitted to assert the worthlessness of what she thus obtained, in avoidance of the effect of the transaction as an agreement with the principals to extend the time of payment.

As to the exception taken by the plaintiff to the judgment discharging the trustees, the case does not show any privity between the defendant, Hyde, and the trustees. The trustees had purchased and taken a deed of real estate encumbered by a mortgage to secure the payment of a note given by Stanley to Waterman, and assigned to the administrator of R. B. Hyde's estate, on which was then due $422. Assuming (what the case does not show), that Caroline N. Hyde was such administrator, and held said note either as such, or in her own right, it is not shown nor claimed that the trustees have ever entered into any contract with her to pay that note. The only contract they are under in respect to it, is that contained in the deed, and that inures only to the grantors in said deed. Having taken a conveyance of the property subject to the mortgage, their only liability to the holder of said note is in virtue of the mortgage security, and that gives no claim or right against them personally, but only a right against the property, to be enforced by a foreclosure. This clearly is not within the scope of the trustee process.

The judgments are both affirmed.