Fernan *v.* Doubleday.

---

LIZZIE FERNAN, Respondent, *v.* ROBERT B. DOUBLEDAY, Executor, etc., of AMMI DOUBLEDAY, deceased, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1870.)

It is questionable whether an extension of the time of payment of a note, without consent of the indorser, which is founded upon an unfulfilled promise, of the maker, to pay an usurious premium therefor, can be made available to the indorser as a defence in an action against him on the note.

Where the indorser proved, as a defence to an action against him on a note, that the payee had extended the time for payment without his consent, and that the consideration for the extension was an unfulfilled promise made by the maker to pay an usurious premium therefor.—*Held*, that the plaintiff (the holder of the note) might avail herself, in defence, of the fact that the extension was based upon no valid consideration.

THE plaintiff was the holder of a note, made by one Denton to Ammi Doubleday, and indorsed by the latter to Patrick Fernan, and made this claim upon the indorsement against Ammi Doubleday's executor. The defendant claimed

a discharge of the indorser by means of an extension given by Patrick Fernan to the maker of the note.

The matter was referred pursuant to the statute, by the surrogate of Broome county. All the facts were admitted on the trial before the referee, except the facts as to the extension, including the consideration for the extension, which were proved by the executor. The referee found the facts as claimed by the executor, viz.:

That on the 4th day of May, 1867, Denton paid Patrick Fernan, the then owner of said note, the sum of $105 as interest, and the same was indorsed as follows:

"Rec'd May 4th, 1867, on the within note, one hundred and five dollars, being the interest to the first instant, and hereby extend the payment of principal to Nov. 1, 1867.

                         "PATRICK FERNAN."

That at the time of the payment and indorsement, it was agreed between Denton and Patrick Fernan that Denton would, at some future time, pay Fernan fifty dollars extra, over and above the amount due on the note, for extending the time of its payment, and that Fernan agreed to extend the time accordingly, and indorsed the note with a memorandum as above.

That Denton has never paid the said fifty dollars, nor any other sum for such extension.

That the consideration for the agreement to extend the time of the payment indorsed on note was usurious and corrupt; and as conclusions of law decided

1st. That the written extension indorsed on the note, as it expressed no consideration, was a void agreement, and not binding in law.

2d. That the defendant having himself proved the consideration for such extension to have been usurious and void, the plaintiff might avail herself thereof, and that there was no valid agreement to extend the time of payment so as to discharge the indorser.

3d. That the plaintiff was entitled to judgment for the amount of the note and interest, being $1,222.63.

Fernan *v.* Doubleday.

A motion was made to set aside the report at Special Term and denied. Judgment was entered in favor of the plaintiff, and the defendant appealed to the General Term of this court.

*Howland and Clarke,* for the appellant.

*D. S. Richard,* for the respondent and plaintiff.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. It is insisted that the referee erred in holding that the defendant having himself proved the consideration for the extension to be usurious and void, the plaintiff may avail himself thereof, and that there was no valid agreement to extend the time of payment so as to discharge the indorser. In order to establish a defence of the character interposed in this case an agreement must be proved which is valid and binding upon the parties. In this case the consideration was a usurious one, which was not paid by the indorser and therefore it is exceedingly questionable whether under any circumstances, it being unexecuted in part, it could be made available by the defendant.

In *La Farge* v. *Horton* (5 Seld., 241), the principle involved in the case at bar was discussed, and it was *held,* that the usurer is not allowed to show that an obligation, which he has taken in satisfaction of a prior demand, is usurious and therefore void in order to avoid the effect of such obligation as a satisfaction of the prior demand. RUGGLES, Ch. J., lays down the rule as applicable to the case, that a party to an illegal transaction is not allowed by an allegation of his own turpitude to recover back, what in pursuance of a forbidden bargain he has delivered to the other party, or in any way to avoid the bargain when once executed, and asserts what is well understood, that the borrower and not the lender may avoid a contract tainted with usury. He states the principle in these words : " In respect to this question usury must stand on the same footing as fraud. A fraudulent contract cannot be

avoided by the party guilty of the fraud.   A party to a fraud is estopped from setting it up, for his own advantage, but if his opponent alleges and proves it as a part of his own case, the guilty party will then be entitled to the benefit while he incurs the disadvantages resulting from such a state of things." This case was cited approvingly in *Billington* v. *Wagoner* (33 N. Y., 31), by DAVIES, J., in his opinion. In the last case cited, the judge refers to the case of *Vilas* v. *Jones* (1 Coms., 274), and says "that the doctrine is stated as being the opinions of BENSON, J., and JEWETT, Ch. J., that an agreement made by the creditor with the principal debtor, to forbear the payment of the debt in consideration of an usurious premium paid for such forbearance, is void and cannot therefore operate to discharge the action." Unless the rule referred to has been overruled by authority, the referee was clearly right in his finding.

*Draper* v. *Trescott* (29 Barb., 401), is cited as sustaining an adverse doctrine. This case holds that a creditor who has agreed to pay, and who *actually did pay* to the principal debtor, without the consent of the surety, a usurious consideration to extend the time of the payment of the debt cannot avail himself of the usury as rendering the agreement invalid; when the agreement and usurious consideration are proved by the surety, for the purpose of establishing a defence that he is discharged from liability. In the case last cited the consideration had been paid, and although STRONG, P. J., says it makes no difference in principle, whether the premium beyond the legal interest is paid down or only agreed to be paid, a remark which was not necessary for the decision of the case, I think there is a broad distinction in the authorities between a case where usury is paid and one where it is only agreed to be paid. In the first case the contract is executed, while in the last it is only executory and is yet to be enforced. The one is a verbal contract without consideration to do a certain act, while the other is an agreement actually carried into effect. This distinction is discussed with ability in *Vilas* v. *Jones* (10 Paige, 79, 80). See

also *Billington* v.· *Wagoner* (33 N. Y., 37, 38, etc.), where the distinction between the two cases is also commented upon.

None of the cases to which our attention has been directed, decide that where the contract is executory, and the usury has not been actually paid it is a defence, and except the intimation in 29 Barb., before referred to, it is nowhere held that a promise to pay a usurious premium is a sufficient consideration for an extension. It is quite obvious that the weight of authority is decidedly in favor of the doctrine, that where the usurious contract to extend the time has not been executed, it cannot be interposed as a defence by the surety.

The judgment entered on the referee's report must be affirmed with costs.

Judgment affirmed.