THE NATIONAL BANK OF GLOVERSVILLE, APPELLANT, *v.* JOHN W. PLACE AND CALVIN W. THOMAS, IMPLEADED WITH OTHERS, RESPONDENTS.

*A usurer cannot set up his own usury to avoid his agreement.*

In an action against the indorsers of a promissory note, they alleged that they had been discharged by an extension of time given without their consent to the maker. Plaintiff claimed that the extension was invalid, because its consideration was an usurious bonus exacted from the maker.
*Held,* That it could not set up its own usury to invalidate its agreement.
*Billington* v. *Wagoner* (33 N. Y., 31) followed.

APPEAL from a judgment in favor of the defendants, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon a case and exceptions.

*Parkhurst & Baker*, for the appellant.

*Dudley, Dennison & Dudley*, for the respondents. The plaintiff cannot raise the question of usury to avoid the agreement to extend. Because only the party paying usury can raise that question. (*Billington* v. *Wagoner*, 33 N. Y., 31; *Draper* v. *Prescott*, 29 Barb., 401, 404, 405.) The plaintiff received and held the consideration for the extension, and cannot now be heard to allege the contract void for any reason, while holding the consideration received by it. (*Place* v. *McIlvain*, 38 N. Y., 96.) The plaintiff is a national bank, organized under the laws of the United States, and the laws of this State relating to usury are not applicable to it. (*Farmers and Mechanics' Nat. Bank* v. *Dearing*, Thompson's Nat. Bk. Cases, 117; 91 U. S. Rep., 29.)

BOCKES, J. :

It is, of course, admitted that the giving of time to the principal, by a valid agreement with him having that effect, without the consent of the surety, operates as a discharge of the latter ; and this rule of law applies as well to indorsers on commercial paper as to sureties in the strict sense of that term.

In this case the defendants, Place and Thomas, indorsers of the note in suit, set up the defense, that time of payment had been given the makers of the note without their consent. The jury found the issue in favor of the defendants.

The consideration of the agreement of extension as alleged and found was the payment, by the makers of the note, to the bank, of twenty-five dollars bonus. The court instructed the jury, in effect, that if they should find in favor of the defendants as to the alleged agreement of extension, the latter would be entitled to their verdict ; and refused to instruct them that if the consideration of the agreement was a bonus over and above the legal interest on the note, then that the agreement would be void for usury, and therefore would not bar a recovery against the indorsers.

If this ruling be right, it must be justified on the ground that the plaintiff, holding the position of a usurer, cannot insist upon the invalidity of the usurious agreement. This precise question was determined in favor of the defendant's in *Billington* v. *Wagoner* (33 N. Y., 31). There the agreement, as here, was one of extension of the time of payment of a note ; and it was also, as here claimed by the plaintiff, that the agreement was void for usury. So the question there, as it is here, was this: "assuming that the agreement made by the plaintiff with the principal debtor was usurious, and therefore, in the language of the law, void, can the plaintiff interpose that objection?" The question was answered in the negative; and the remark of Judge GRIDLEY in *La Farge* v. *Herter* (4 Barb., 346), was quoted and approved; to wit, that "it is the victim of the usury, and not the usurer himself, that can set up against a contract that it is usurious and void." This case was affirmed in the Court of Appeals. (9 N. Y., 241.) It was definitely held in *Billington* v. *Wagoner*, that the objection to a contract that it was void for usury, can only be set up by the party bound by the original agreement to pay the sum borrowed, or his sureties, heirs, devisees, or personal representatives; that the usurer himself cannot interpose the objection. It should be also here remarked, that in each of the cases above referred to the point was taken, as it is here, that although a party to a fraud is estopped from setting it up for his own advantage, yet if his opponent alleges and proves it as a part of his own case, the guilty party will then be entitled to the benefit, while he incurs the disadvantages resulting from such a state of things. But this principle was held, in the case cited, to be irrelevant to a case like this for the reasons there given. I have quoted freely from the cases cited, as the subject here under consideration was there carefully examined on principle and authority, and was definitely determined. A reference to the cases theretofore decided, bearing on the question under examination, can answer no useful end here, as they are there collated and commented on. I am not aware that the decision in *Billington* v. *Wagoner* has ever been questioned; but I do find that it has been in several cases cited with approval. (*Williams* v. *Tilt*, 36 N. Y., 326; *Mer. Ex. Bk.* v. *Com. Warehouse Co.*, 49 id., 643, note at bottom of page.) Also see remarks of WOOD-

Ruff, J., in *Winsted Bk.* v. *Webb* (39 N. Y., 331); *Fernan* v. *Doubleday* (3 Lans., 216). The case of *Fernan* v. *Doubleday* is not in point in this case, except as it recognizes the binding authority of *Billington* v. *Wagoner*, inasmuch as in *Fernan* v. *Doubleday* the usurious agreement remained unexecuted. The court took the distinction between a case where usury is paid down, and one where it is only agreed to be paid; between a contract executed and one executory. In the case in hand, like that of *Billington* v. *Wagoner*, and of *Draper* v. *Trescott* (29 Barb., 401), the usurious contract was fully executed. The case of *Church* v. *Maloy* (70 N. Y., 65), does not conflict with *Billington* v. *Wagoner*, as will be seen on referring to the facts and question there under discussion; although the syllabus of the case seems to reach the question here under examination. *Billington* v. *Wagoner* is not overruled by *Church* v. *Maloy;* indeed, is not referred to in the latter case, and for the reason that the question discussed and settled in the *Billington Case* is not in the *Church Case* at all. It is suggested that the proof does not show an actual payment of the twenty-five dollars bonus in this case. We think otherwise. But certainly there was a case made for the jury on the evidence, and the verdict must be accepted as conclusive of this question of fact. On the authority of *Billington* v. *Wagoner* the case seems to have been properly disposed of at Circuit, and the judgment and order appealed from must be affirmed, with costs.

Learned, P. J., and Boardman, J., concurred.

Judgment and order appealed from affirmed, with costs.