GEORGE W. THAYER, APPELLANT, *v.* DAVID H. KING, RESPONDENT.

*Agreement for extension of time — an unperformed usurious agreement for, does not release a surety — when the delay of the creditor to sue the principal will not release the surety.*

In an action upon a promissory note for $130, against a surety thereto, the latter defended upon the ground that the plaintiff had, without his knowledge or consent, extended the time for the payment of the note at the request of the maker. It appeared that, after the note became due, the plaintiff agreed to extend the time of payment for thirty days, upon the promise of the maker to give him five dollars for so doing. It did not appear that the five dollars, or any part thereof, had ever been paid.

*Held,* that there was no binding agreement to extend the time of payment, and that the surety was not discharged.

*Fernan* v. *Doubleday* (3 Lans, 216) followed.

In order that the delay of the creditor to proceed against the principal debtor shall exonerate the surety, the latter must show explicit notice or a request to the creditor to take legal proceedings to collect the debt, or enforce the liability of the principal.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

*George W. Atwell, Jr.,* and *E. A. Nash,* for the appellant.

*John Hoer* and *J. S. Garlock,* for the respondent.

SMITH, P. J.:

The action is upon a promissory note made by Andrew Jack and the defendant as his surety. The note was made the 19th of February, 1876, for $130, payable thirty days after date to the Bank of Lima or order. The Bank of Lima was a name assumed by the plaintiff, who was engaged in the business of banking. The plaintiff owned the bank, and he discounted the note, and was its owner. He knew that the defendant signed the note as surety for Jack.

Two grounds of defense are set up: first, that by agreement between the plaintiff and Jack, the time for payment was extended without the consent or knowledge of the surety; and, secondly, that the plaintiff neglected to prosecute Jack on request of the surety, and that Jack, who was solvent at the time of the request, afterwards became insolvent.

The referee found that about the time the note became due, Jack proposed to the plaintiff to pay him five dollars for extending it one month. The plaintiff accepted the proposition and agreed to and did extend the time of payment accordingly, but at the time of the arrangement no money was paid by Jack. There is no finding or proof that Jack ever paid the five dollars, or any part of it, so that the only agreement to extend the time was an executory, usurious agreement, which was never performed by the debtor. The case of *Fernan* v. *Doubleday* (3 Lans., 216), is an authority for holding that such an agreement does not discharge the surety. The reasoning upon which the decision rests is, that as the agreement of the debtor is unperformed, and performance of it cannot be enforced by reason of its usurious character, it forms no consideration for the agreement of the creditor to extend the time, and consequently the agreement is *nudum pactum*, and does not suspend the remedies of the surety. We are not aware of any adjudication in this State to the contrary. There are cases holding that when the usurious consideration is paid at the time of the agreement to extend, the surety is discharged, and in one or two cases there are *dicta* to the effect that it makes no difference whether the usurious consideration is paid or not. Those cases are referred to and commented on by MILLER, P. J., speaking for the court in Fernan's case. The rule laid down in Fernan's case is supported by the following cases in other States: *Burgess* v. *Dewey* (33 Vt., 618); *Smith* v. *Hyde* (36 id., 306); *Tudor* v. *Goodloe* (1 B. Mon., 324); *Patton* v. *Shanklin* (14 id., 17); *Halstead* v. *Brown* (17 Ind., 202). The respectable weight of authority by which the rule is sanctioned requires us to adopt it, and we hold, accordingly, that the first defense is not established.

In the recent case of *Howe Machine Company* v. *Farrington* (82 N. Y., 121), it was said by ANDREWS, J., that "the rule is well settled that in order to exonerate a surety by delay of the creditor to proceed against the principal, the surety must show explicit notice

or request to the creditor to take legal proceedings to collect the debt or enforce the liability of the principal" (p. 131). Applying that rule to this case, the second defence also fails. The referee finds that in July, 1876, King told Thayer that he did not want the note to remain as it was, and requested him to collect it. The finding in that unqualified form is hardly supported by the evidence. The only witness who testifies to a request to collect is the defendant, and his testimony is to the effect that about 12th July, 1876, the plaintiff, on being inquired of, told him that Jack had paid one-half of the note and got an extension of thirty days for the balance. " I," said the witness, " told him I didn't want it to run so ; I wanted it collected ; he said I needn't be scared, he knew he was perfectly responsible, for Jack was at the bank in April with $1,600 in auction notes to sell to him ; I asked him why he didn't make provision for that note, or offset enough to pay it ; he said * * * that he made him an offer of ten per cent discount on the whole amount, and Jack said he would be back again if he could not do any better." The witness continued : "About three weeks after I had another conversation with Thayer ; I asked him if Jack had been up, or he had seen Jack ; he said he had not ; I then told him I wanted him to sue it immediately, or write him to pay it ; that is about all of that interview." That is all the testimony in the case tending to show a request to prosecute. Taking it all together, it is apparent that when the parties separated at the first interview, the defendant did not intend, nor did the plaintiff understand, that an immediate prosecution should be had, but it was mutually understood that in view of what had occurred between the plaintiff and Jack, a reasonable time should be given to see whether Jack would arrange the note by a turn of the auction notes, or in some other way, without suit. The same idea doubtless influenced the direction given by the surety at the second interview, which, according to his own statement, was in the alternative to sue immediately *or* write to Jack to pay. There was no such explicit request to sue as the rule requires.

The judgment should be reversed and a new trial ordered before another referee, costs to abide event.

HARDIN and BARKER, JJ., concurred.

So ordered.