Dickman, J.
On the 1st of July, 1871, George Wallace, at Newark, Ohio, made to the Franklin Insurance Company —defendant in error — a mortgage of land situated in Licking county, to secure the payment of a note given by him to that company for $10,000, payable five years after date, with interest at eight per cent, per annum payable quarterly, and nineteen other notes of fifty dollars each. The largest note was given for money loaned to Wallace, for which he agreed to pay ten per cent, interest. Fifty dollars — being two per cent, interest for the first quarter — were retained as advance interest, at the time of the loan, and the sum of $9,950, only, was paid to Wallace. The nineteen separate potes, of fifty dollars each, were taken for each quarter’s two per cent, extra interest thereafter during the five years, over and above the stipulated eight per cent.
On the 3d of September, 1873, Wallace sold and conveyed the property in fee to James L. Birkey, who, in consideration thereof, and as a part of the purchase money, assumed and agreed with Wallace to pay the mortgage, and the note for $10,000, with interest thereon according to the tenor thereof, and thirteen of the interest notes for fifty dollars each, then unpaid, which Wallace had made to the insurance company. Birkey, to secure the performance of his agreement with Wallace, executed to him on the same day a mortgage, duly recorded, on the same property. In September, 1874, Birkey sold and conveyed the property by deed of warranty to the plaintiff in error, John B. Jones, and upon delivery of the deed, agreed with Jones to pay off and cancel all the incumbrances upon the premises.
The insurance company brought its action of foreclosure, making Wallace, Birkey, Jones and others parties defendant, asking for no personal judgment, but asking judgment *587 that the property might be sold free from all liens and claims of the parties to the action, for the satisfaction of the money due the company.
In the court of common pleas, Jones set up the defense of usury against the mortgage held by the company, and claimed, that the company could recover only $9,950, the amount actually loaned, with six per cent, interest thereon, less the payments admitted to have been made, with interest on the same. Upon issue joined, the court rendered judgment for the plaintiff, and Jones took an appeal to the district court.
The district court, in determining the amount due the company, adopted $10,000, instead of $9,950, as the principal sum, and computed interest thereon at the rate of eight per cent, per annum; and allowed in the estimate the thirteen interest notes which had been paid by Birkey pursuant to his agreement with Wallace; and held, that the property in the hands of Jones, conveyed to him by Birkey, was bound for the payment of the amount found due the company. Judgment was rendered for the company; Jones excepted; moved for a new trial; and the motion being overruled, took a bill of exceptions; and the present petition in error is prosecuted to reverse the judgment of the district court.
The only question arising out of the record, which we deem it material to consider, is, whether the defense of usury is available to the plaintiff in error, against the mortgage made by Wallace to the defendant in error. It is obvious, that after the agreement between Wallace and his grantee, the latter could not defend against the mortgage on the ground of usury. Such defense was, in this case, personal to Wallace, the mortgagor and borrower. If he did not choose to avail himself of it, he was privileged to waive it. He elected to affirm the usurious mortgage, by making provision, when he sold the property, for paying out of the purchase money fund the mortgage debt and the several notes for usurious interest. His grantee, as part of the purchase money, assumed and promised to pay the *588 mortgage debt and interest notes, and to secure tbe performance of his promise, executed to him — Wallace—a mortgage on the same property. Birkey, the grantee, was not thus in a position to defend on the ground of usury, against the mortgage held by the company. Cramer v. Lepper, 26 Ohio St., 59, and cases there cited. Loomis v. Eaton, 82 Conn., 550; Austin v. Chittenden, 33 Vt., 553; Studabaker v. Marquardt, 55 Ind., 341; Cook v. Dyer, 3 Ala., 643; Baskins v. Calhoun, 45 Id., 582.
And, if Birkey was barred from taking advantage of the defense of usury, at the time of his selling and conveying the property, such defense should not be more available to the plaintiff in error than to his grantor. The plaintiff in error was not a party to the usurious transaction ; nor, does he stand in such a relation to the borrower as would authorize him to make such defense, notwithstanding the borrower’s waiver of it. With full notice of the mortgage held by the defendant in error, and of his grantor’s agreement with Wallace to pay the mortgage and interest notes, he purchased the property at an agreed price and value ; and, if his grantor failed to pay off the incumbrances thereon, according to his promise, he must have recourse to him for redress. But, a failure to discharge such incumbrances does not warrant the taking of the usurious interest from the defendant in error, and placing it to the credit of one who is virtually a stranger to the usurious transaction.
No error in the proceedings and judgment of the district court being apparent on the record, the judgment of that court must be affirmed.

Judgment accordingly.