WILLIAM F. BLYDENBURGH, Executor, Appellant, *v.* AMOS F. BINGHAM, GEORGE G. JOHNSON, and DAVID H. DECKER, Respondents.

*Principal and Surety—Judgment—Release of property of Principal*

Where the principal debtor had transferred all his title to real estate before the docketing of the judgment against himself and security, a release of such estate from any supposed liens of the judgment by the judgment creditor, does not discharge the security from his liability as such.

This action was brought by the executor of Richard F. Blydenburgh, deceased, to exonerate the estate of the testator from the payment of a judgment docketed in Kings County against the Defendant Johnson and the testator, on a note made by the former and endorsed by the latter as security.

The relief was claimed upon the ground that the Defendant Decker, being the owner of the judgment, had released therefrom to the Defendant Bingham, certain real estate, consisting of six city lots in Brooklyn, which was subject to the lien, legal or equitable, of said judgment.

The facts, as found by the Court which tried the cause, are substantially as follows :

On the 14th day of February, 1857, the Defendant Johnson, for a valuable consideration, conveyed the premises above mentioned, by a quitclaim deed, to the Defendant Bingham, which conveyance was recorded in Kings County on the 26th day of March, 1858.

The judgment above mentioned was recovered by Emanuel Hoffman and Henry Schubert, for the sum of $558.20, on the 8th day of July, 1857, and was docketed in Kings County on the 11th day of the same month.

On the 19th day of January, 1861, the Defendant Johnson and his wife executed and delivered to the Defendant Bingham a warranty deed of said lots, for the expressed consideration of $1,

and other good causes and considerations. On the 20th day of November, 1862, Hoffman and Schubert assigned their judgment to the Defendant Decker, for a valuable consideration, and on the 20th day of the same month released the six lots from the judgment.

And the Court further found that at the time of the docketing of the judgment, of the assignment thereof to Decker, and of the release of the lots therefrom to Bingham, the Defendant Johnson had no interest in said lots, but the same were the property of the Defendant Bingham; that at the time of the assignment of the judgment and the release of the lots, the Defendant Bingham was embarrassed, and owing the Defendant Decker a large sum of money, which the latter could not get, nor get secured, unless the six lots were released from the said judgment, and that for that reason he purchased the judgment and paid the face thereof for it, and then released the said lots, holding the judgment as collateral security for the debt due him from Bingham.

That the property released was encumbered for its full value aside from the said judgment, and that the said judgment is still due and unpaid, and is a lien upon the real estate of the said Richard F. Blydenburgh, deceased.

And the Judge found as a conclusion of law, that the said David H. Decker is the owner of the said judgment, and is entitled to hold the same as a lien against the real and personal estate of Richard F. Blydenburgh, deceased. Judgment was entered for the Defendants, which was affirmed at General Term, and from the judgment of affirmance the Plaintiff has appealed to this Court.

*Geo. Miller* for Appellant.

*J. H. Hedley* for Respondent.

DWIGHT, J.—The facts found by the Court below must be conclusive against the theory upon which the Plaintiff in his complaint based his claim for relief.

That theory is, that the six city lots in Brooklyn were subject to the lien of the judgment of Hoffman and Schubert, as the

property, legal and equitable, of Johnson, the principal debtor, and that the release of those lots by the holder of the judgment, without the consent of the surety, Blydenburgh, discharged the latter from the obligation of his suretyship, and entitled him to a discharge of his estate from the judgment.

The conclusion no one will dispute if the premises be as stated. The difficulty is, that the findings below entirely negative those premises.

The conveyance by quitclaim from Johnson to Bingham was five months earlier than the docketing of the judgment, and though the deed was not recorded until some months later than the judgment, it is not claimed that the lien of the judgment had priority for that reason.

Some objections to the quitclaim deed were urged by the Appellants, both on the trial and on the argument, but no facts were shown which detract in any degree from its force and validity as a conveyance of all the interest of Johnson in the property. And upon this point the finding of the Court below must be held conclusive; viz., that at the time of the docketing of the judgment, and of the release of the lots, Johnson had no interest in them.

The subsequent deed of Johnson and wife may have been sought and obtained for the signature of the wife; but whatever its purpose, it conveyed nothing as to Johnson which had not previously been conveyed. Indeed, I do not understand the Appellant as insisting upon the argument here, that the judgment was in fact a lien, either legal or equitable, upon the lots, but claiming that it was so far considered to be such, and was thus so far a cloud upon the title to the property that it gave the judgment creditors a position relative to that property which was worth something to the benefit of which the surety was entitled to be subrogated, and which could not be released without in some degree affecting his rights and remedies.

In support of this view of the matter, the Appellant urges the facts found, that Decker could not get security for his debt from Bingham unless the lots should be released from the judgment, and that for that reason he was willing to pay, and that the

judgment creditors in fact received the face of the judgment for the assignment of it. But these circumstances by no means establish the fact that the position of the judgment creditors relative to this property was of any real value.

Its advantage was almost supposititious and imaginary. If Johnson had no interest in the lots when the judgment was docketed, nor at any time thereafter, the existence of that judgment could affect the negotiation of the security offered by Bingham, only upon the mistaken supposition that it was a lien upon the property. Nor can it be said that the position of the judgment creditors relative to the property did in fact avail them the face of the judgment. That judgment must be supposed to have been perfectly good without reference to these lots. It was collectable from Blydenburgh, the surety, whose solvency was unquestioned. So that Decker got full value for his money in obtaining the judgments, without reference to the value of the lots, and after the release he held the judgment as collateral security for so much of the debt of Bingham.

It is quite clear in executing the release of the lots from the judgment in question, Decker released nothing which could have availed for its collection, and consequently that the remedies of the surety were in no manner affected by such release.

Counsel for the Appellant insisted with much earnestness that there was a possibility that Johnson might have had some interest in the lots, and that therefore the surety might have been prejudiced by their release from the judgment.

And he cited some authorities in point, to show that the question was not necessarily, " Has the surety in fact been prejudiced? but, has there been a change in the relations of the parties by which he may have been prejudiced ? "

But here again, as before, the Appellant is concluded by the positive finding of the Court below, that Johnson had no interest in the lots in question, a finding which negatives even the possibility referred to.

There was another finding in the case which is probably equally fatal to the Plaintiff's claim to relief; viz., that the prop-

erty was already encumbered for its full value before the docketing of the judgment against Johnson; but it is unnecessary to inquire as to the effect of prior liens when it is found, as above, that the judgment against Johnson was not a lien at all.

The judgment appealed from should be affirmed.

Affirmed.

JOEL TIFFANY,
State Reporter.
