(S. App. Div. 413)

HAMLIN et al. v. KLEIN et al.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

PRINCIPAL AND SURETY—DISCHARGE OF SURETY.
    Sureties on a bond secured by mortgage are not discharged by a release
    of the mortgage, which release is afterwards set aside on the ground that
    it was procured by fraudulent representations.

Appeal from special term, Monroe county.

Action by Frank H. Hamlin and another, as trustees, against
Frederick Klein and others, to set aside a release of certain lands
from the lien of a mortgage held by plaintiffs as assignees. There
was a judgment in favor of plaintiffs, and defendants Frederick
Klein and Simon S. Vorreuter appeal. Affirmed.

This action was brought by the plaintiffs, who are the holders, by assign-
ment, of a certain mortgage described in the complaint, to vacate a release
of lands from the lien of their mortgage, and to restore such lien as to the
lands described upon the ground that the plaintiffs were induced to execute
such release by reason of the fraudulent representations of the mortgagor.
The mortgage in question was made by the Jennings Park Homestead Asso-
ciation to the defendant Frederick Klein, and was intended originally as se-
curity for the payment of the sum of $11,500 and interest. The mortgage
covered a tract of land in the eastern part of the city of Rochester, which
had been plotted for city lots, and it contained, among other provisions, the
following: "The party of the first part may pay thereon at any time any sum
not less than $200, to be applied on the principal thereof," and "the party of
the second part agrees to release from the lien of the mortgage * * * each
and every lot of said tract, according to a map thereof, on payment of the
assessed valuation of the said lots and all taxes and interest and insurance
on said lots as fixed by said association." The premises covered by the mort-
gage were subdivided into 46 city lots, and a map thereof was filed in the
Monroe county clerk's office, but the same did not show the valuation of
each of the lots, as assessed by the association. The mortgage, together
with the bond accompanying the same, ultimately came into the hands of
these plaintiffs by mesne assignments. the defendant Vorreuter being one

of the parties through whom the same were assigned and transferred. At the time the defendant Klein assigned such bond and mortgage, he accompanied the same with a personal guaranty of their payment, which guaranty passed by assignment with the bond and mortgage to these plaintiffs, and both the defendants Klein and Vorreuter executed a mortgage upon certain other property belonging to them individually, as collateral security for the amount unpaid upon the mortgage in suit, which mortgages, together with the individual bonds of the mortgagors, also came into the hands of the plaintiffs, and are now held by them. At the time the plaintiffs became the owners of the original bond and mortgage there was unpaid thereon $7,825 of principal and some accrued interest, and no part of the mortgage premises had then been released. On the 11th day of February following, $1,050 of principal was paid upon the mortgage, and six of the lots covered thereby were released from the lien thereof. On the 18th of April, 1893, the treasurer of the Jennings Park Homestead Association paid to the plaintiffs the further sum of $3,075 of principal and $275 interest, and at the time of making such payments asked for and received from the plaintiffs a release of 30 additional lots. At the time of making such payments it is alleged that the treasurer stated to the plaintiffs that the amount paid entitled the mortgagors to a release of that number of lots, and that all taxes and interest due on the same, as well as the assessed valuation thereof, had been paid to the association and by the association to the plaintiffs; that, relying upon the truth of such statement, and believing that the sum required to be paid as a condition of such release had been fully paid, the plaintiffs executed and delivered their release to the mortgagor; but that, as a matter of fact, five of the lots embraced in the release were not entitled, under the terms of the mortgage, to be discharged from the lien thereof, by reason of the fact that their assessed valuation, amounting to $1,295, had not been paid to the association by the owners, nor by the association to the plaintiffs. At the time of the execution and delivery of the release the plaintiffs had no knowledge of the assessed valuation of the particular lots, nor of the amount which had been actually paid upon the different lots to the association, as the same did not appear in the mortgage nor upon the map held by them. Upon learning, as they subsequently did, that the five lots in question had been improperly released from the lien of their mortgage, the plaintiffs brought this action to vacate such release so far as it related to these particular lots, and to have the lien of their mortgage restored to the same.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and GREEN, JJ.

C. J. Browning, for appellants.
William H. Smith, for respondents.

ADAMS, J. The learned trial court found as facts in this case that the release of the plaintiffs, as to the five lots in question, was induced by the false and fraudulent representations of the mortgagor's treasurer, and that none of said lots was, by the terms of said mortgage, entitled to be released from the lien thereof; and his conclusion of law was that the plaintiffs should be restored to the same rights in all respects as against the defendants Klein and Vorreuter, and as to all collateral security held by them, as they would have possessed had the release in question never been executed, so far as the same purported to discharge from the lien of the mortgage the five lots which were fraudulently embraced in such release. The facts thus found appear to be fully sustained by the evidence in the case, and are apparently acquiesced in by the principal debtor, as no appeal has been brought from the judgment herein, save by the defendants Klein and Vorreuter, who stand in

the relation of sureties to the mortgage debt.    And the only question, therefore, which is necessary to be considered upon this appeal, is whether or not the release from the lien of the plaintiff's mortgage of these five lots, which unquestionably did materially impair the security of such mortgage, exonerated the sureties from any liability for the amount remaining unpaid upon the principal debt.    It is, of course, well settled that where a creditor, by a valid agreement, entered into between himself and the principal debtor, without the consent of his surety, releases the former from the payment of his obligation or any part thereof, or releases any property of the principal debtor which the creditor holds as security for the payment of the debt, the surety is thereby discharged.    It is likewise an elementary principle of law that fraud vitiates all contracts; and it follows that where a party is induced to enter into an agreement by reason of fraudulent representations made to him the same is absolutely void, and the surety is not discharged from his obligation to answer for his principal by reason of the agreement thus entered into.    Lowman v. Yates, 37 N. Y. 601.    The rule just stated may be applied with peculiar appropriateness to the case in hand, for the acts of the creditor which will ordinarily exonerate a surety must be of such a character as to work some legal injury to him, or they must be inconsistent with his legal rights.    Blydenburgh v. Bingham, 38 N. Y. 371; Clark v. Sickler, 64 N. Y. 231.    Of course, to the extent that the release of the five lots impaired the security of the principal debtor which was held by these plaintiffs, the sureties were injuriously affected; but when the relief sought to be obtained through the medium of this action is accomplished, and the lien of the mortgage restored to these lots, the sureties will be placed precisely where they would have been had those lots not been included in the release.    In other words, nothing has been done by these plaintiffs, except that which they are now seeking to avoid upon the ground of fraud, which injuriously affects the legal rights of the appellants. It is quite possible that the land covered by the mortgage has depreciated in value, as the defendants attempted to show upon the trial; but it is difficult to see how that fact can be made available as a defense to this action, inasmuch as the plaintiffs' mortgage is not yet due, and there has been no default in the interest thereon which would have permitted them to foreclose the same.    So that, with the lien restored to these five lots, the sureties will simply remain liable to respond for any deficit which may possibly arise if the plaintiffs should ultimately be forced to foreclose their mortgage, and that is precisely what they undertook to do when they assumed the obligation of sureties to the principal debtor.    We are unable to discover any error committed upon the trial of this case, or in the conclusion reached by the learned trial court, and we therefore think that the judgment appealed from should be affirmed.

Judgment affirmed, with costs.    All concur.